■ ANTHONY I. CAMARDA et al., Appellants, v ALFRED G. VANDERBILT et al., Individually and as Trustees of the New York Racing Association, Inc., et al., Respondents. — In an action for a permanent injunction, plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated June 6, 1983, which granted defendants' cross motions to dismiss the complaint, and denied as moot their motion to add the City of New York and the Town of Hempstead as parties, to preliminarily enjoin the defendants the New York Racing Association, Inc., and Barterama, Inc., from operating flea markets at Aqueduct and Belmont Park race tracks and to preliminarily enjoin the individual defendants from, *inter alia,* entering into any agreement to permit the operation of flea markets at the race tracks. ¶ Order and judgment reversed, with costs, cross motions denied and matter remitted to the Supreme Court, Queens County, for a determination of plaintiffs' motion. ¶ At Special Term, the plaintiffs, who own and occupy dwellings in the immediate vicinity of Aqueduct and Belmont Park race tracks, moved, *inter alia,* for a preliminary injunction to enjoin the operation of flea markets in the parking lots of those race tracks and to join the Town of Hempstead and the City of New York as parties. Defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. ¶ Special Term granted defendants' cross motions, and denied plaintiffs' motion as moot. Apparently, Special Term treated the cross motions as ones for summary judgment and thereupon considered affidavits and addressed issues of proof. However, the parties were not given notice of the court's intention to so treat the cross motions. ¶ Plaintiffs' amended complaint, served as of right during the pendency of the motion and cross motions, sufficiently alleges causes of action to enjoin a private nuisance and to enjoin a zoning violation. "However imperfectly, informally, or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege 'whatever can be implied from its statements by fair and reasonable intendment.'" (*Condon v Associated Hosp. Serv.,* 287 NY 411, 414, quoting from *Kain v Larkin,* 141 NY 144, 151; *Foley v D'Agostino,* 21 AD2d 60, 65.) The amended complaint, which alleges that the plaintiffs' properties depreciated in value because of defendants' violation of a zoning ordinance and because of a substantial interference with the use and enjoyment of their properties by defendants, is sufficient on its face (see *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211, 218; *Guzzardi v Perry's Boats,* 92 AD2d 250, 253). Special Term erred in converting the cross motions to dismiss into ones for summary judgment without first giving notice to the parties of its intention to do so (CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633). We have considered defendants' remaining contention and find it to be without merit. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.