■ HARRY NEWCOMB et al., Respondents, v JOHN R. CONGDON, Individually and Doing Business as VALLEY MOTORS,

Appellant.—Mercure, J. Appeal from that part of an amended order of the Supreme Court (Ingraham, J.), entered April 19, 1989 in Cortland County, which granted plaintiffs' motion for partial summary judgment and denied defendant's cross motion for summary judgment.

In 1966, Charles and Harold Buchanan conveyed a portion of their real property in the Town of Cortlandville, Cortland County, to George and May Armstrong by deed which recited in pertinent part:

"The [grantors] covenant that they will not convey or dispose of any portion of the remainder of the lands owned by them on the west side of New York State Route # 281 and south of the premises herein conveyed to any other person, party or corporation conducting a similar business such as a car dealership or used car dealer, etc. without first obtaining the written consent of George P. Armstrong.

"The [grantors] further covenant that in any conveyance of all or a portion of the aforesaid remaining premises such conveyance or conveyances, as the case may be, shall contain a covenant, running with the land, prohibiting the use of said remaining premises for a car dealership, used car dealership or similar business, unless written consent permitting such use is first obtained from George P. Armstrong, his heirs, executors, administrator, successors and assigns."*

After a number of intermediate conveyances, defendant took title to the servient estate in 1985 and has since operated a used car dealership on the property. The dominant estate was conveyed to plaintiffs in 1986, together with "any and all rights of the grantor to enforce certain restrictions and covenants relating to the use of adjoining lands as such rights are established in [the deed from the Buchanans to the Armstrongs]". In 1988, plaintiffs commenced this action, seeking a declaration that the covenant is enforceable against defendant, a permanent injunction against defendant's use of the servient estate for a car dealership or similar business, and money damages. Following joinder of issue, the parties cross-moved, *inter alia,* for summary judgment. Supreme Court granted plaintiffs partial summary judgment on the issue of liability and denied defendant's motion. Defendant appeals.

Defendant's primary contention is that the restrictive covenant created in the deed from the Buchanans to the Arm-

---

* The real property conveyed to the Armstrongs, benefited by the covenant, will be referred to as the dominant estate. The encumbered property retained by the Buchanans will be referred to as the servient estate.

strongs did not run with the land and is not, accordingly, binding upon him. "Whether a covenant restricting real property is personal or runs with the land depends on three factors: (1) whether the parties intended its burden to attach to the servient parcel and its benefit to run with the dominant estate, (2) whether the covenant touches and concerns the land, and (3) whether there is privity of estate" *(Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 262, citing *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 255). While apparently conceding that the subject covenant satisfies the first and third criteria, defendant contends that the covenant fails the second test since it does not "touch" or "concern" the land. In this connection, defendant interprets the quoted language in the deed from the Buchanans to the Armstrongs as nothing more than a covenant to perform an affirmative act in the future, i.e., to insert a restrictive covenant in subsequent deeds, a personal act disconnected with the use of the land *(see, Nicholson v 300 Broadway Realty Corp.,* 7 NY2d 240, 244; *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra,* at 256-257). We disagree.

Although relying heavily upon the landmark decision of the Court of Appeals in *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank (supra),* defendant has failed to heed the court's admonition against "exalt[ing] technical form over substance" *(supra,* at 258) and direction to examine "the effect of the covenant on the legal rights which otherwise would flow from ownership of land and which are connected with the land" *(supra,* at 258; *see, Eagle Enters. v Gross,* 39 NY2d 505, 509). The clear intent and effect of the covenants in this case is to restrict the use of the identified lands by the covenanters, their heirs and assigns, for the benefit of the adjoining lands of the covenantees, their heirs and assigns. It is fundamental that a covenant "which compel[s] the covenanter to submit to some *restriction on the use* of his property" does touch or concern the land *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra,* at 256 [emphasis in original]).

Defendant's remaining contentions do not require extended discussion. First, since the Buchanans conveyed realty encompassing the servient estate expressly subject to the covenants contained in the deed from the Buchanans to the Armstrongs, the covenant does appear in defendant's chain of title and defendant is bound by it. Second, RPAPL 2001 applies only to restrictions related to structures that may be erected on

premises and does not limit an action arising out of a covenant prohibiting a particular type of business on premises. Finally, since plaintiffs are entitled to the relief demanded as a matter of right and not indulgence, the doctrine of laches is inapplicable *(see,* 75 NY Jur 2d, Limitations and Laches, § 335, at 539-540).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.