■ RICHARD PANTEL et al., Respondents-Appellants, v NICHOLAS IAZZETTI et al., Appellants-Respondents, et al., Defendants. [618 NYS2d 843] —In an action, *inter alia,* to enforce

restrictive covenants in a deed, the defendants appeal, (1) from so much of an order of the Supreme Court, Orange County (Miller, J.), dated April 15, 1992, as granted those branches of the plaintiffs' cross motion which were for summary judgment on their first cause of action for a permanent injunction against the maintenance of a business on the defendants' property, and dismissal of their affirmative defenses; and (2) from so much of a judgment of the same court, dated July 1, 1992, as is in favor of the plaintiffs and against them permanently enjoining them from using their property for the maintenance of any business or for any business related purposes, and the plaintiffs cross-appeal from so much of the judgment as is in favor of the defendants and against them dismissing their third cause of action to enforce that portion of a restrictive covenant which prohibits the maintenance of "a hotel, or boarding or lodging house".

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs were entitled to summary judgment on their first cause of action insofar as they established: (1) that the original parties intended that the restrictive covenant, prohibiting the use of the defendants' premises for trade or business purposes, would run with the land; (2) that the covenant touches and concerns the land; (3) that their property derived from the original grantor who imposed the covenant and whose property was benefited thereby; and (4) that the defendants derived their property from the original grantee who took the property subject to the restrictive covenant (see, Westmoreland Assn. v West Cutter Estates, 174 AD2d 144; Orange & Rockland Utils. v Philwold Estates, 52 NY2d 253, 262).

In light of the foregoing, the Supreme Court was obligated to enforce the restrictive covenant as a matter of right. Accordingly, the doctrine of laches is inapplicable (see, Newcomb v Congdon, 160 AD2d 1192; see also, 75 NY Jur 2d, Limitations and Laches, § 335, at 539-540).

We have examined the defendants' remaining contentions and find that they are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.