■ DAVID M. KORENMAN, Appellant, v ION ZAYDELMAN et al., Respondents. [654 NYS2d 452] —Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 8, 1996 in

Sullivan County, which, *inter alia*, denied plaintiff's motion for summary judgment.

The parties own adjoining properties abutting the Swinging Bridge Reservoir in an area designated as Swinging Bridge North in the Town of Thompson, Sullivan County. Plaintiff purchased his lot in 1991 whereas defendants purchased their lot in 1993. The northern boundary line of defendants' property forms the southern boundary line of plaintiff's property.

In 1994, defendants built a four-foot fence around three sides of their property. After it was built, plaintiff asked them to remove the fence due to the restrictive covenant in their deeds which prohibits the construction of fences without prior written permission from the original grantors.[1] Upon their refusal, plaintiff commenced the instant action seeking, *inter alia*, a direction to defendants to remove such fence and damages due to trespass by alleging that the fence was partially built on his property. Defendants counterclaimed for an order directing plaintiff to remove several air conditioning units, contending that their placement violated a local zoning ordinance and that the noise therefrom interfered with the use and enjoyment of their property. Each side moved for summary judgment, prompting Supreme Court to deny both motions as well as the motion to dismiss. Plaintiff now appeals.

Plaintiff, as proponent, has met his burden of showing, by clear and convincing evidence, that a restrictive covenant precluded the building of fences without prior permission (*see generally, Orange & Rockland Utils. v Philwold Estates*, 52 NY2d 253). Such covenant is evidenced not only by the subdivision map but also by the "Declaration of Covenants, Conditions and Restrictions for Swinging Bridge North", both filed in the County Clerk's office and referred to in the parties' deeds. It is clear that it was the intent of the original grantors that such restrictions and conditions run with the land, touch or concern it and continue for their benefit or that of their heirs, successors or assigns (*see, id.*, at 262-263; *Newcomb v Congdon*, 160 AD2d 1192, 1194).[2] Contrary to the affidavit of defendant Ion Zaydelman detailing that he approached Gibson McKean, one of the original grantors, who advised him that no permission to build such fence was necessary, McKean's own affidavit, submitted by plaintiff and sworn to after the date that he was allegedly approached by defendants, reconfirms that the prohi-

---

1. Both parties can trace their title back to the original grantors.

2. There is no issue as to the existence of privity of estate since a common grantor once held title to both of these properties (*see, Orange & Rockland Utils. v Philwold Estates, supra*, at 263).

bition against fences remains and that he has not granted "verbal or written approval to any lot owner at Swinging Bridge North to erect any fences". Hence, finding the restrictive covenant to run with the land, binding not only the immediate grantee but any other grantee in the chain of title (*see, Newcomb v Congdon, supra*, at 1194), we find nothing in the record which would preclude the award of summary judgment to plaintiff on this issue.

As to the cause of action alleging trespass, we must agree with Supreme Court that due to the conflicting affidavits from the parties' land surveyors, a triable issue of fact exists as to whether defendants' fence encroaches upon plaintiff's property (*see, Zuckerman v City of New York*, 49 NY2d 557). We further agree with Supreme Court's denial of plaintiff's motion to dismiss defendants' counterclaim alleging causes of action to enjoin a private nuisance and a zoning violation. Allegations in the pleadings must be deemed to be true (*see, Camarda v Vanderbilt*, 100 AD2d 836) and " '[h]owever imperfectly, informally, or even illogically the facts may be stated, a complaint, attacked for insufficiency, [must be] deemed to allege "whatever can be implied from its statements by fair and reasonable intendment" ' " (*id.*, at 836, quoting *Condon v Associated Hosp. Serv.*, 287 NY 411, 414, quoting *Kain v Larkin*, 141 NY 144, 151). Although the counterclaim does not specifically allege a depreciation in value, it alleges a violation of applicable zoning regulations and defendants' right to quiet enjoyment of their property. Hence, we find no basis to dismiss for insufficiency.

Accordingly, we reverse so much of Supreme Court's order as denied plaintiff's motion for summary judgment seeking an order requiring the removal of the fence and, as so modified, affirm.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment on the second cause of action in the complaint; motion granted to that extent and plaintiff awarded summary judgment on said cause of action; and, as so modified, affirmed.