◼ CARME S. VITALE, JR., et al., Respondents, v DEAN FOWLER OIL COMPANY, INC., Respondent, and AGWAY PETROLEUM CORPORATION, Appellant. [656 NYS2d 453] —Peters, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered June 26, 1996 in Delaware County, which, *inter alia*, denied a motion by defendant Agway Petroleum Corporation to dismiss the complaint against it for failure to state a cause of action.

Plaintiffs commenced this action against defendant Dean Fowler Oil Company, Inc. (hereinafter DFO) based upon a customer equipment lease, executed in 1957, between plaintiffs' father, in the name of Vitale Lumber Company, and Fowler Oil Company, Inc., an entity related to DFO.* As part of the lease agreement, three underground petroleum dispensing storage tanks were to be installed on the Vitale property, at DFO's expense, so long as petroleum was purchased through DFO. While the tanks clearly remained the property of DFO, it was permitted to bill for their use.

Plaintiffs acquired the property in 1972. In 1992, when the Department of Environmental Conservation ordered that the tanks be removed, plaintiffs contacted DFO. Upon its refusal to remove them, this trespass action was commenced. During discovery, it was revealed that Agway Petroleum Corporation could be the owner of the tanks instead of DFO. Thus, plaintiffs served an amended complaint, adding Agway as a party. Agway moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7). After joinder, DFO moved for summary judgment based upon its lack of ownership or for dismissal due to laches.

Supreme Court granted summary judgment to DFO, relying on the affidavit of its former president who identified notations on the original lease indicating that the subject tanks were sold "5/16/67" to "GLF", a farmers cooperative which ultimately became a part of Agway. In support thereof, he explained that when a customer changed suppliers it was cus-

---

* Since only DFO has been named, reference thereto will include, where applicable, reference to Fowler Oil Company, Inc. as well.

tomary to sell the tanks to the customer or to the new supplier. As to Agway's request for dismissal of the amended complaint due to insufficiency, the request was denied yet plaintiffs' request for leave to serve the second amended complaint was granted. Agway now appeals.

In the absence of a showing of prejudice (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959), we find that Supreme Court properly granted plaintiffs' leave to serve the second amended complaint. As to the sufficiency of these pleadings, we have recently reiterated that, " ' "[h]owever imperfectly, informally, or even illogically the facts may be stated, a complaint, attacked for insufficiency, [must be] deemed to allege 'whatever can be implied from its statements by fair and reasonable intendment' " ' " (*Korenman v Zaydelman*, 237 AD2d 711, 713, quoting *Camarda v Vanderbilt*, 100 AD2d 836, quoting *Condon v Associated Hosp. Serv.*, 287 NY 411, 414, quoting *Kain v Larkin*, 141 NY 144, 151). The facts here allege the lawful installation of the tanks, a demand made upon the original installer to remove them and a refusal. Should Agway be the rightful owner, responsibility for removal may devolve upon it. Hence, by fair and reasonable intendment (*see, Korenman v Zaydelman, supra*, at 713), we find that plaintiffs have properly alleged a wrongful use of its property without consent, thereby constituting a trespass (*see, Sporn v MCA Records*, 58 NY2d 482, 487; *see also, Trustco Bank v S/N Precision Enters.*, 234 AD2d 665; *Granchelli v Johnson Bldg. Co.*, 85 AD2d 891). Agway's further challenge to the sufficiency of these pleadings, alleging a failure to make due demand to remove the tanks, will not be addressed since it is raised for the first time on appeal (*see, Gunzburg v Gunzburg*, 152 AD2d 537).

Similarly unpreserved for review is the issue of whether the instant action was time barred (*see,* CPLR 214 [4]) since only laches was raised before Supreme Court. Had it been properly preserved, we would find sufficient facts alleging a "continuing" trespass (*see generally, Sporn v MCA Records, supra,* at 488).

Finally, we note that contrary to DFO's contention, Agway, as an aggrieved party (*see,* CPLR 5511), has the right to challenge the grant of summary judgment to DFO since the determinate issue here is the ownership of the storage tanks (*see, Lincoln v Austic*, 60 AD2d 487, 490, *lv denied* 44 NY2d 644). As to that determination, we find Supreme Court to have properly concluded that DFO, as the proponent of the motion, sustained its burden of demonstrating that it was not the current owner. Neither plaintiffs' proffer of the testimony of

Anthony Senia, the party who executed the agreement on behalf of Vitale Lumber, nor Agway's proffer of the testimony of Dominic Milazzo, the plant manager, presented sufficient evidence to create a triable issue (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Accordingly, we affirm Supreme Court's order in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.