[674 NYS2d 505]

In the Matter of the Estate of CHRISTA J. KREUZER, Deceased. MICHELE KREUZER-RANKEN, Appellant; FRANK H. BURNS et al., as Coexecutors of CHRISTA J. KREUZER, Deceased, et al., Respondents.

Third Department, June 18, 1998

APPEARANCES OF COUNSEL

*Jean Mary Reinhardt,* Cohoes, for appellant.

*Thorn & Gershon,* Albany (*Robert F. Doran* of counsel), guardian ad litem for Heather Ranken.

*J. Paul Troue,* Troy, guardian ad litem for Amber Ranken.

### OPINION OF THE COURT

CARPINELLO, J.

The question presented on this appeal is whether the testamentary trusts established in paragraph seventh of the last will and testament of Christa J. Kreuzer (hereinafter decedent) violated EPTL 9-1.1 (b), the rule against perpetuities. Following the execution of the will on December 6, 1994, decedent died on December 19, 1994 survived by her son, respondent Keith Kreuzer (hereinafter Kreuzer) (born in 1963), her daughter, petitioner (born in 1960), and petitioner's daughter, Heather (born in 1991). The will was admitted to probate in March 1995 and, thereafter, petitioner had another daughter, Amber (born in 1997). Kreuzer was childless at the time of decedent's death.

Paragraph seventh of decedent's will directed that Kreuzer and petitioner each receive one quarter of decedent's residuary estate outright with the remaining one half of the estate divided into two separate irrevocable testamentary trusts, trust A and trust B. Trust A was established for the benefit of the children born to or adopted by petitioner prior to her reaching 40 years of age, and, similarly, trust B was established for the benefit of any children born to or adopted by Kreuzer prior to his reaching 40 years of age. Paragraph seventh further directed that the cotrustees of each testamentary trust pay the respective beneficiaries so much of the principal and income as they deemed proper for education expenses, with any excess income to be added to the principal each year. Decedent then

specified that "[u]pon the last beneficiary of [each trust] attaining the age of thirty-five years (35), or sooner dying * * * the trustees [are] to distribute to those beneficiaries, then living, the then remaining principal and accumulated income", at which point the trusts would terminate. In the event that all of the beneficiaries of either trust died prior to reaching 35 years of age, decedent directed the cotrustees to distribute the corpus of the trust to the other trust or, if the other trust had already been terminated, either to petitioner or Kreuzer, depending on the particular trust and the circumstances.

In this proceeding, petitioner sought a determination from Surrogate's Court that trust A and trust B violated the rule against perpetuities, requiring that the corpus of the two trusts be distributed in intestacy to Kreuzer and herself. Surrogate's Court determined that the testamentary trusts did not violate the rule and were not void for remoteness. This appeal by petitioner followed.

The rule against perpetuities embodies the principle that "it is socially undesirable for property to be inalienable for an unreasonable period of time" (*Symphony Space v Pergola Props.*, 88 NY2d 466, 475). The common-law statement of the rule is that " '[n]o interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest' " (*id.*, at 475, quoting Gray, Rule Against Perpetuities § 201, at 191 [4th ed]). In New York, EPTL 9-1.1 (b) codifies the common-law rule and provides in relevant part that "[n]o estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate".

The application of the rule against perpetuities to class gifts has been characterized as "unique" (Simes and Smith, Law of Future Interests § 1265, at 195 [2d ed]). If the class membership can be ascertained within the period of the rule, the trust is valid even though the individual members of the class are not named in the trust instrument but are merely designated by a description of the class (*see*, 2 Scott, Trusts § 120, at 197 [4th ed]). Two general principles apply to class gifts: first, a class gift must stand or fall as a unit and cannot be split for purposes of determining its viability; second, both the maximum and minimum membership in the class must be determined within the period of the rule against perpetuities (*see*, Simes and Smith, Law of Future Interests § 1235, at 140 [2d ed]). Stated in another way, not only must the class gift be certain to vest within lives in being and 21 years, but all of the members of the class must be ascertained within that time.

It is clear from an examination of the subject will that decedent intended to bequeath at a future date two class gifts to her grandchildren, both born and unborn (*see*, Simes and Smith, Law of Future Interests § 633, at 68 [2d ed]); trust A to the children of petitioner and trust B to the children of Kreuzer. Thus, the measuring lives in being for the purpose of determining the perpetuities period are the lives of decedent's children, petitioner and Kreuzer, since their children comprise the classes. Significantly, the closing of the class determines the maximum membership and the vesting of the gift determines minimum membership in the class (*see*, Simes and Smith, Law of Future Interests §§ 652, 654 [2d ed]). In the subject case, the classes close at the latest when decedent's children reach 40 years of age (or sooner die) since this is the "time after which no more members can be admitted" (Simes and Smith, Law of Future Interests § 632, at 67 [2d ed]).[1] Since the maximum membership, or closing, of the classes for trusts A and B can be determined within lives in being (decedent's children) plus 21 years, the determination of the maximum members of the class does not trigger a perpetuities violation.

With respect to the determination of the minimum membership of the class, however, we must reach a different conclusion. The vesting of the gift determines the minimum membership of the class (the time after which the membership cannot decrease), and the law favors the vesting of estates at the earliest possible moment (*see*, *Matter of Krooss*, 302 NY 424, 427). Even though a gift can vest immediately notwithstanding the fact that "possession and direct enjoyment" is postponed (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation, § 447, at 498; *see*, Simes and Smith, Law of Future Interests § 653 [2d ed]), in the subject will the gift to the beneficiaries contains a condition precedent of survival and is thus contingent, as opposed to vested (*see*, Simes and Smith, Law of Future Interests § 652 [2d ed]).

Here, language in both trusts unambiguously grants distribution upon the youngest class member attaining the age of 35 years, or sooner dying, at which time the trust will be divided and paid solely based upon members of the class living at that

---

1. 1 Maximum membership in the class is normally determined when the time for distribution has arrived; however, there is an exception in circumstances such as this one where there is postponed distribution because of conditions precedent applicable to the gifts (*see*, Simes and Smith, Law of Future Interests § 634, at 69 [2d ed]).

time.[2] If a class member dies before reaching the date of distribution, the estate of the deceased class member receives nothing; in the event that no class members are alive, the trust terminates and the corpus either pours over to another trust or is distributed elsewhere. Thus, it is apparent that decedent had in mind a class to be ascertained at the time of distribution and she was "mindful of changes in the persons, who might take, and, therefore, restrictive in [her] testamentary provisions; so that the property should only vest in possession at the future period" (*Roosa v Harrington*, 171 NY 341, 353; *see*, 2 Scott, Trusts § 128 [4th ed]; *see also*, Simes and Smith, Law of Future Interests § 633, at 68 [2d ed]).

Since the trusts in this case will not vest until the time of distribution, a rule against perpetuities violation exists. Specifically, while it is possible that the gifts could be distributed within the perpetuities period given the young age of petitioner and Kreuzer as the measuring lives, the "what might have been" doctrine applicable in New York requires us to consider all possibilities as of the testator's death (*see*, 56 NY Jur 2d, Estate, Powers, and Restraints on Alienation, § 417, at 460), including that of the early deaths of petitioner and Kreuzer which would result in class members who could be in existence but unable to take within 21 years of the end of the measuring lives.[3]

Despite the rule violation, however, trust A and trust B need not be invalidated in this case. EPTL 9-1.2 provides as follows: "Where an estate would, except for this section, be invalid because made to depend, for its vesting or its duration, upon any person attaining or failing to attain an age in excess of twenty-one years, the age contingency shall be reduced to twenty-one years as to any or all persons subject to such

---

**2.** We note that the language in the will is reminiscent of the oft-criticized "divide and pay over" rule of construction, which provides in substance that "Where the only words of gift are found in a direction to divide and pay over at a future time, the gift will not be ranked with those in which the payment or distribution only is deferred—vested gifts—but will be ranked with those in which time is of the essence of the gift—contingent gifts" (*Matter of Ablett*, 3 NY2d 261, 270).

**3.** To the extent that it might be argued that the phrase "or sooner dying" following the age restrictions for the youngest class members in the trusts indicates an earlier vesting than the time of distribution, such a construction in this case is prevented by the clear lack of indicia that the beneficiaries have anything but a contingent beneficial interest because of, *inter alia*, the condition precedent of survivorship and the trustees' sole discretionary power to invade the income and principal for the beneficiaries' educational needs (*see*, *Uterhart v United States*, 240 US 598).

contingency." Since the trusts denote petitioner and Kreuzer to be the measuring lives, any gift that vests within 21 years of their deaths is not violative of the rule against perpetuities and the trust language should be modified accordingly.

MIKOLL, J. P., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by directing that the phrase "attaining the age of twenty-one (21) years" in the testamentary trusts be substituted for those provisions directing distribution upon the last of the beneficiaries "attaining the age of thirty-five years (35)", and, as so modified, affirmed.