■ KEW FOREST NEIGHBORHOOD ASSOCIATION, INC., et al., Respondents, v RITA LIEBERMAN et al., Appellants. [761 NYS2d 502] —In an action, inter alia, to permanently enjoin the construction of an apartment building as violative of a restrictive covenant, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Schmidt, J.), dated October 28, 2002, which, inter alia, denied their motion for summary judgment dismissing the complaint, granted the plaintiffs' cross motion for summary judgment, permanently enjoined them from continuing construction of the subject building, and directed them to (a) restore forthwith the property to a single-family home set back from the street in conformance with the restrictive covenant, (b) file with the appropriate municipal agency and deliver by hand to the plaintiffs' attorney a complete copy of applications and plans to provide for the filling in of the existing excavation and construction of a single-family home in conformance with such covenant within 20 days after the date of service of a copy of the order with notice of entry upon the defendants' attorneys, and (c) provide a copy of said order with notice of entry with any contract of sale in the event the defendants transfer ownership of the subject property prior to their full compliance with such order.

Ordered that the order and judgment is modified by deleting

the provision thereof directing the defendants to (a) restore forthwith the property to a single-family home set back from the street in conformance with the restrictive covenant, (b) file with the appropriate municipal agency and deliver by hand to the plaintiffs' attorney a complete copy of applications and plans to provide for the filling in of the existing excavation and construction of a single-family home in conformance with such covenant within 20 days after the date of service of a copy of the order with notice of entry upon the defendants' attorneys, and (c) provide a copy of said order with notice of entry with any contract of sale in the event the defendants transfer ownership of the subject property prior to their full compliance with such order, and substituting therefor a provision directing the defendants to fill in the existing excavation in accordance with applicable safety rules and regulations; as so modified, the order and judgment is affirmed, with one bill of costs payable to the plaintiffs.

The plaintiffs were entitled to summary judgment, as they established that (1) the original grantor intended that the restrictive covenant, prohibiting the use of the defendants' premises for any use other than a single family home, would run with the land, (2) the covenant touches and concerns the land, and (3) there is privity of estate between the party claiming the benefit of the covenant and the right to enforce it, and the party who rests under the burden of the covenant (*see Westmoreland Assn. v West Cutter Estates,* 174 AD2d 144 [1992]; *Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253 [1981]; *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 255 [1938]).

Contrary to the defendants' contention, the doctrine of laches is inapplicable since the Supreme Court was obligated to enforce the restrictive covenant as a matter of right (*see Pantel v Iazzetti,* 209 AD2d 493 [1994]; *Newcomb v Congdon,* 160 AD2d 1192 [1990]; *see also* 75A NY Jur 2d, Limitations and Laches § 335, at 161-162).

However, there is no legal authority for directing the defendants to (a) restore the property to a single-family home in conformance with the restrictive covenant, (b) file with the appropriate municipal agency and deliver to the plaintiffs' attorney a complete copy of applications and plans to provide for the filling in of the existing excavation and construction of a single-family home in conformance with such covenant, and (c) provide a copy of said order with notice of entry with any contract of sale in the event the defendants transfer ownership of the subject property prior to their full compliance with such order.

The defendants' remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.