■ ANTHONY BIANCE et al., Plaintiffs, v COLUMBIA WASHINGTON VENTURES, LLC, et al., Respondents, and STONE BRIDGE IRON & STEEL, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [785 NYS2d 144]——

Mercure, J.P. Appeal from that part of an order of the Supreme Court (McNamara, J.), entered February 4, 2004 in Albany County, which granted certain defendants' motion for summary judgment on their cross claims against defendant Stone Bridge Iron & Steel, Inc. for contractual indemnification.

Plaintiff Anthony Biance (hereinafter plaintiff) and his wife, derivatively, commenced this action seeking to recover for injuries plaintiff incurred in an accident at a construction site leased by defendant Columbia Washington Ventures, LLC and which was being developed by 1367 Associates, LLC, as general contractor (hereinafter collectively referred to as the developers). The prime contractors for the construction project were defendant Barry, Bette & Led Duke, Inc. and its successor corporation, defendant BBL Construction Services, LLC (hereinafter collectively referred to as BBL). Defendant Stone Bridge Iron & Steel, Inc. was hired as a subcontractor to provide all labor, material and equipment needed to erect the steel elements of the project. Stone Bridge then subcontracted the steel work to plaintiff's employer, which is not a party to this action. Plaintiffs alleged, among other things, common-law negligence and violations of Labor Law § 200.

As relevant here, Supreme Court ultimately granted the developers' and BBL's motion for summary judgment on their separate cross claims for contractual indemnification against Stone Bridge* and dismissed Stone Bridge's cross claim for con-

---

* BBL and the developers seek indemnification for their conceded liability under Labor Law § 241 (6).

tribution and indemnification against the developers and BBL. Upon its appeal, Stone Bridge does not dispute that it agreed to indemnify BBL or the developers against claims or liability arising out of Stone Bridge's performance of its work or that plaintiff was injured in the course of performing work for Stone Bridge. Instead, it argues that questions of fact exist regarding whether BBL was negligent, thus rendering summary judgment inappropriate here. We disagree.

In order for BBL or the developers to be found liable in common-law negligence or under Labor Law § 200, it must be shown that they "exercised supervisory control over plaintiff's work and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Turner v Sano-Rubin Constr. Co.*, 6 AD3d 910, 911 [2004]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Soshinsky v Cornell Univ.*, 268 AD2d 947, 947 [2000]). The retention of general supervisory control, presence at a work site, or authority to enforce safety standards is insufficient to establish the control necessary to impose liability (*see Shields v General Elec. Co.*, 3 AD3d 715, 716-717 [2004]; *Sainato v City of Albany*, 285 AD2d 708, 709 [2001]). Here, while Stone Bridge established that BBL generally supervised the project and maintained a presence at the site, the record reveals that BBL had no direct supervision over Stone Bridge employees or the manner in which the work was performed. Thus, we agree with Supreme Court that Stone Bridge failed to raise a triable issue of fact with respect to BBL's or the developers' negligence sufficient to prevent dismissal of Stone Bridge's claim for contribution or indemnification (*see Turner v Sano-Rubin Constr. Co., supra* at 912; *Sainato v City of Albany, supra* at 709).

Similarly, Stone Bridge's failure to raise a triable issue of fact defeats its related argument that General Obligations Law § 5-322.1, which renders void a provision to indemnify contractors for liability for injuries caused by the contractors' negligence, precludes a grant of summary judgment to BBL and the developers on their contractual indemnification claims. General Obligations Law § 5-322.1 does not bar enforcement of contractual indemnification for vicarious liability imposed under Labor Law § 241 (6) in the absence of any showing of negligence (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179-181 [1990]; *Fresco v 157 E. 72nd St. Condominium*, 2 AD3d 326, 328 [2003], *lv dismissed* 3 NY3d 630 [2004]; *Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 312 [2003]). Hence, the statute presents no obstacle to summary judgment here.

Turning to Stone Bridge's remaining procedural challenges,

we reject its argument that BBL and the developers failed to adequately plead a claim for contractual indemnification. Upon our review of BBL's and the developers' answers, we conclude that a claim for contractual indemnification may be "implied from its statements by fair and reasonable intendment" (*Korenman v Zaydelman*, 237 AD2d 711, 713 [1997] [internal quotation marks omitted]; *see Vitale v Fowler Oil Co.*, 238 AD2d 794, 795 [1997]). Finally, we agree with Supreme Court that Stone Bridge waived its contractual right to arbitration by aggressively availing itself of the judicial process (*see Johanson Resources v La Vallee*, 271 AD2d 832, 836 [2000]; *cf. Matter of Riggi [Lupe Constr. Co.]*, 176 AD2d 1177, 1178-1179 [1991]).

Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.