■ MARC A. JOHNSON et al., Appellants, v PHILIP NISBET, Respondent. [891 NYS2d 180]—

Garry, J. 

Plaintiffs own two parcels of land in the Town of Saratoga, Saratoga County, one bordering the eastern shore of Saratoga Lake and the other in the immediate vicinity, but on the other side of State Route 9P. Defendant also owns a lakefront parcel and a second lot across the road, purchased in August 2005 from Russell Fritz and Patricia Fritz. A third parcel of lakefront land (hereinafter the middle parcel) separates the parties' lakefront lots. This middle parcel was previously owned by Saratoga County, and was purchased by plaintiffs in March 2007.

Prior to transferring their two lots to defendant, the Fritzes were involved in litigation with plaintiffs pertaining to an easement held by plaintiffs over their lakefront parcel. They settled that litigation by entering into several settlement documents, including a "Stipulation of Settlement" filed in the Saratoga County Clerk's office in January 2005. The stipulation provided, among other things, that plaintiffs would renounce the easement and that the Fritzes would not bid on the middle parcel when it was sold at the anticipated County auction, or otherwise interfere with plaintiffs' efforts to obtain title to it. In compliance with this stipulation, plaintiffs and the Fritzes executed an "Agreement to Revise an Easement" filed in July 2005. Defendant acquired his deed from the Fritzes just over one month later. A title report furnished to defendant as part of his title insurance set forth an exception from coverage for the stipulation.

The middle parcel was sold at the County auction in March 2007. A number of bidders initially competed, but when the price reached $40,000, all dropped out except for a representative of plaintiffs and an alleged representative of defendant.* These two continued bidding until plaintiffs' representative entered a final successful bid of $95,000.

Plaintiffs commenced this action asserting three causes of ac-

---

* It is disputed whether the representative appeared on behalf of defendant as an individual and/or his wife, or for Orbit Real Estate, LLC, an entity owned in full in equal shares by defendant and his wife.

tion, including breach of contract, and alleging that defendant breached the stipulation by bidding on the middle parcel and driving up its price beyond the amount that plaintiffs assert they would otherwise have paid. Plaintiffs moved for summary judgment on the breach of contract cause of action, and defendant cross-moved for summary judgment dismissing the complaint in its entirety. Supreme Court denied plaintiffs' motion, granted defendant's cross motion, and dismissed the complaint. Plaintiffs now appeal.

Supreme Court determined that the stipulation's prohibition against bidding on the middle parcel was not binding upon defendant because it violated the rule against perpetuities (*see* EPTL 9-1.1). We affirm, but on different grounds. In the court's view, the prohibition against bidding on the middle parcel was a "real" covenant that ran with the land and was not personal to the Fritzes because the stipulation explicitly provides that its obligations "are permanent and shall also be binding upon the parties' heirs, successors and assigns, and shall run with the land forever." The court concluded that under this provision, the prohibition was not limited in duration by the lifespans of the Fritzes and, therefore, violated the prohibition against remote vesting in the rule against perpetuities (*see* EPTL 9-1.1 [b]). We find, however, that the rule against perpetuities is inapplicable.

"The rule against perpetuities embodies the principle that 'it is socially undesirable for property to be inalienable for an unreasonable period of time' " (*Matter of Kreuzer*, 243 AD2d 207, 209 [1998], quoting *Symphony Space v Pergola Props.*, 88 NY2d 466, 475 [1996]). Codified in EPTL 9-1.1, the rule against perpetuities controls the remote vesting of future interests and the suspension of the power of alienation and, in so doing, "strive[s] to strike a balance between society's interest in the free alienability of property and the rights of owners to direct future transfers" (*Wildenstein & Co. v Wallis*, 79 NY2d 641, 648 [1992]). These concerns are not presented here. Unlike options to purchase or rights of first refusal, which have been held to be subject to the rule against perpetuities (*see Morrison v Piper*, 77 NY2d 165, 169 [1990]; *Buffalo Seminary v McCarthy*, 58 NY2d 867 [1983], *affg for reasons stated below* 86 AD2d 435 [1982]; *Adler v Simpson*, 203 AD2d 691, 693 [1994]), the stipulation's prohibition against bidding on the middle parcel neither created an interest in property on anyone's part that could vest remotely or at any time, nor did it suspend or restrain any landowner's power of alienation (*see* EPTL 9-1.1 [a] [1]). Saratoga County was not a party to the stipulation and its power to alienate the

middle parcel was unaffected by the agreement of the parties, neither of whom had any ownership interest in the middle parcel at the time of the stipulation. Therefore, the rule against perpetuities does not apply.

Standing alone, however, the language of the stipulation does not provide a sufficient basis for the conclusion that the restriction against bidding ran with the land. An intention for an agreement to bind heirs and successors is not enough; a party seeking to establish that a covenant runs with the land must show that "(1) the grantor and grantee intended the covenant to run with the land, (2) there is privity of estate between the parties to the current dispute, and (3) the covenant touches and concerns the land" (*Clarke v Caldwell*, 132 AD2d 171, 174 [1987]; *see Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank*, 278 NY 248, 255 [1938]). The prohibition against bidding on the middle parcel does not meet this test because it does not touch and concern the land with which it purports to run. In determining whether a covenant touches and concerns the land, the Court of Appeals has stated that the inquiry "depend[s] upon the effect of the covenant on the legal rights which otherwise would flow from ownership of land and which are connected with the land. The problem then is: [d]oes the covenant in purpose and effect *substantially* alter these rights?" (*Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank*, 278 NY at 258). A covenant touches and concerns the land when it "directly affects the uses to which the land may be put and substantially affects its value" (*Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 263 [1981]) and when it " 'compel[s] the covenanter to submit to some restriction on the use of his [or her] property' " (*Newcomb v Congdon*, 160 AD2d 1192, 1194 [1990], quoting *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank*, 278 NY at 256 [emphasis omitted]). The covenant at issue here does not meet these tests because its effect is unrelated to the land with which it purports to run. A bidder's right to purchase a parcel of land at a county auction exists without regard to ownership of any other land and is not a right which "flow[s] from ownership of land and which [is] connected with the land" (*Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank*, 278 NY at 258). The Fritzes' promise affected their right to seek ownership of the middle parcel, but it did not affect or restrict in any way their use of the property that they owned at the time of the stipulation (and later transferred to defendant). The promise was "a personal act disconnected with the use of the [Fritzes'] land" (*Newcomb v Congdon*, 160 AD2d at 1194). It did not touch or concern their land, and therefore did not run with that land.

No other basis exists on which defendant may be found to be bound by the stipulation relative to the bidding restriction. Plaintiffs argue that he had constructive notice of the stipulation because it was recorded (*see* Real Property Law § 291; *Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 20 [1979]), as well as actual notice based on the exception from coverage in his title insurance. Defendant contends that he was not personally aware of the stipulation before this lawsuit was filed but concedes that he is chargeable with notice. However, mere notice does not suffice. "[T]he assignee of rights under a bilateral contract is not obligated to perform the duties under the contract unless he [or she] expressly assumes to do so" (*Todd v Krolick,* 96 AD2d 695, 695 [1983], *affd* 62 NY2d 836 [1984]; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 402 [1957]). No claim has been made that defendant expressly assumed any obligation under the stipulation. He was not, therefore, bound by it, and Supreme Court properly dismissed plaintiffs' complaint. This determination makes it unnecessary to reach the parties' remaining arguments.

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

