RONALD O'NEILL et al., Respondents, v DANIEL L. PINKOWSKI et al., Appellants. [937 NYS2d 740]—

Egan Jr., J.

Plaintiffs seek enforcement of the following covenants: "(2) The premises shall be used solely and exclusively for single-family private residential purposes . . . (6) No business or occupation or any nuisance whatever . . . shall be erected, carried on, maintained or permitted on the premises at any time nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood." In order to establish that the covenants alleged run with the land,[3] plaintiffs needed to demonstrate that "(1) the grantor and grantee intended the covenant to run with the land, (2) there is privity of estate between the parties to the current dispute, and (3) the covenant touches and concerns the land" (*Johnson v Nisbet*, 68 AD3d 1333, 1336 [2009] [internal quotation marks and citation omitted], *lv denied* 14 NY3d 704 [2010]; *see Harrison v Westview Partners, LLC*, 79 AD3d 1198, 1200 [2010]; *Sync Realty Group, Inc. v Rotterdam Ventures, Inc.*, 63 AD3d 1429, 1431 [2009]; *Village of Philadelphia v FortisUS Energy Corp.*, 48 AD3d 1193, 1194-1195 [2008]). This they failed to do.

Although the record strongly suggests that all parties derived their respective parcels from a common grantor—namely, Leo Gayzur—plaintiffs neglected to tender a complete chain of title for plaintiffs Donald G. Derrico and Christie L. Derrico, thereby precluding us from making this determination as a matter of

---

3. The cited covenants appear in the deeds conveying the relevant parcels to both the Richardsons and the Derricos, as well as the deed conveying 80 Outlet Drive to O'Neill. The covenants also appear in the deed conveying the pertinent parcel to defendants, although the language contained in covenant No. 2 refers to "residence purposes" instead of "residential purposes." As for the conveyance of 77 Outlet Drive to O'Neill, although the record contains a complete chain of title for this parcel, none of the underlying deeds indicates whether said conveyances are subject to the aforementioned covenants.

law. Further, even assuming, for the sake of argument, that all parties indeed derived their parcels from a common grantor, thereby satisfying the "vertical privity" requirement (see Malley v Hanna, 65 NY2d 289, 291-292 [1985]), and that the asserted covenants, in turn, touch and concern the land, i.e., "directly affect[ ] the uses to which the land may be put and substantially affect[ ] its value" (Johnson v Nisbet, 68 AD3d at 1336 [internal quotation marks and citation omitted]), the record before us contains insufficient evidence to permit a finding that "the grantor and grantees intended that the covenants would run with the land" (Harrison v Westview Partners, LLC, 79 AD3d at 1201). Each of the subject deeds contains only a generic recitation of the covenants at issue; noticeably absent therefrom is any "language immediately preceding the covenant language which expresses intent that the promise be binding on the sellers as well as their heirs and assigns" (id.). Moreover, not all of the deeds contained in the record consistently recite the relevant covenants,[4] thereby raising an additional question of fact as to the underlying intent of the grantors/grantees. Thus, plaintiffs are not entitled to summary judgment, and Supreme Court's order must be modified accordingly.[5]

The additional arguments advanced by defendants do not warrant extended discussion. Even assuming that the affirmation submitted by Donald Derrico, an attorney and a named party herein, was not based upon personal knowledge (compare DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1326-1327 [2010]; Chiarini v County of Ulster, 9 AD3d 769, 770 [2004]), the various deeds tendered by plaintiffs in support of their motion for summary judgment constitute proof in admissible form. Further, we agree with Supreme Court that the doctrine of unclean hands is inapplicable here, as plaintiffs' causes of action are not "founded in illegality or immorality" (Seagirt Realty Corp. v Chazanof, 13 NY2d 282, 285 [1963]). Finally, in light of the numerous questions of fact posed by the record, defendants' cross motion for, among other things, sum-

4. As noted previously, the deeds in O'Neill's chain of title for 77 Outlet Drive contain no reference to the covenants at all, and we have not been provided with a complete chain of title for the Derricos' property at 83 Outlet Drive. With respect to O'Neill's chain of title for 80 Outlet Drive, although covenant No. 2 consistently appears throughout and may be traced to the original grantor, covenant No. 6 first appears in the deed from O'Neill's immediate predecessor in interest. A similar situation exists in the Richardsons' chain of title for 76 Outlet Drive.

5. It necessarily follows that Supreme Court's related declaration that the subject covenants are "valid, binding and enforceable," together with its grant of a permanent injunction enjoining defendants from operating a bed and breakfast on their property, also must be reversed.

mary judgment also was properly denied. Defendants' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment, declared the subject covenants to be valid, binding and enforceable and granted a permanent injunction enjoining defendants from operating a bed and breakfast on their property; said motion and plaintiffs' request for declaratory relief and a permanent injunction denied; and, as so modified, affirmed.