OPINION OF THE COURT
Timothy J. Lawliss, J.
Plaintiffs commenced this action seeking a permanent injunction precluding defendants from operating a bed and breakfast on defendants’ property. Plaintiffs moved for summary judgment and defendants cross-moved for dismissal, or in the alternative, summary judgment. The trial court granted plaintiffs’ summary judgment motion and the defendants appealed. On appeal, the Appellate Division vacated the order granting summary judgment and remanded the matter for further proceedings. (See O’Neill v Pinkowski, 92 AD3d 1063 [3d Dept 2012].) Upon remand, the original trial court judge recused himself and the matter was transferred to the undersigned. By notice of motion dated July 16, 2012, defendants filed a motion seeking, among other things, summary judgment based, in part, on the Appellate Division’s decision. Without prior approval of the court, on March 29, 2013, plaintiffs filed a stipulation of discontinuance with prejudice in the clerk’s office signed only by plaintiffs’ counsel. Thereafter, defendants advised plaintiffs and the court that they objected to the discontinuance and requested that the court determine their pending summary judgment mo *623 tian. Defendants asserted that plaintiffs were not authorized to file a voluntary discontinuance pursuant to CPLR 3217 without a court order.
After review of CPLR 3217 (a), the court advised both parties that the matter was still pending. CPLR 3217 (a) identifies two pertinent circumstances when a party may voluntarily discontinue an action without an order of the court. CPLR 3217 (a) (1) permits unilateral discontinuance when done prior to the filing of a responsive pleading, or if no responsive pleading is required, within 20 days after service of the pleading asserting the claim. In this case, a responsive pleading was filed long ago. CPLR 3217 (a) (2) provides a stipulation discontinuing an action may be submitted without court order (after the time frames set forth in CPLR 3217 [a] [1]), if (1) done so prior to the case being submitted to the court (or jury); and (2) the attorneys of record for all parties sign the written stipulation. As noted above, counsel for defendants did not sign the stipulation.
After being advised that the unilateral discontinuance was ineffective, plaintiffs filed the instant motion dated June 11, 2013, seeking an order of the court pursuant to CPLR 3217 (b) authorizing discontinuance. The court’s authority to authorize a unilateral discontinuance pursuant to CPLR 3217 (b) is not unlimited. The court may not authorize a unilateral discontinuance after a case has been submitted to the court for a determination of facts. Thus, the court first considers the threshold question of whether the pending summary judgment motion constitutes a submission of the case to the court for a determination of facts and thus, precludes the granting of this motion. Although the court could not locate any authority on this question, for the following reasons, the court answers that question in the negative.
In the context of a summary judgment motion, the court’s responsibility is to search for factual disputes, not determine the disputes. “It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof) (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]”). (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012].) The court’s function when deciding a motion for summary judgment is issue finding not issue determination. (See Rosati v Kohl’s Dept. Stores, 1 AD3d 674 [3d Dept 2003] [“(c)onsistent with well-settled principles, the role of the court is limited to determining *624 whether the evidence in the record, when viewed in the light most favorable to the nonmovant, sets forth any triable factual issues”]; Morehouse v Lagas, 274 AD2d 791 [3d Dept 2000]; Sea Trade Mar. Corp. v Coutsodontis, 109 AD3d 415 [1st Dept 2013]; Green v Quincy Amusements, Inc., 108 AD3d 591 [2d Dept 2013]; People v Grasso, 50 AD3d 535 [1st Dept 2008]; and Behar v Ordover, 92 AD2d 557, 558 [2d Dept 1983] [“(a)s a rule, in determining a motion for summary judgment (CPLR 3212, subd [b]), the court’s function is limited to the ascertainment of the existence of any genuine issues of material fact . . . (t)he court makes no discretionary examination of such fact issues, nor does it resolve them”] [citations omitted]; see also CPLR 3212 [b].)
Having determined that the court has the authority to grant the plaintiffs’ motion permitting discontinuance, the court now turns to the merits of the motion. “Absent a showing of special circumstances, including prejudice or other improper consequences, a motion for voluntary discontinuance is generally granted.” (Christenson v Gutman, 249 AD2d 805, 806 [3d Dept 1998] [citations omitted]; see Tucker v Tucker, 55 NY2d 378, 383 [1982] [“(w)hile the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, . . . obligatory”] [emphasis added and citation omitted].)
The court finds no demonstration of prejudice to defendants nor other improper consequences which would stem from the discontinuance. (See Urbonowicz v Yarinsky, 290 AD2d 922 [3d Dept 2002].) In addition, the court finds no special circumstances exist warranting plaintiffs being compelled to litigate this matter. Plaintiffs seek to discontinue with prejudice. Furthermore, defendants have sold the property at issue since the commencement of this action. Accordingly, plaintiffs’ motion for discontinuance shall be granted.
Both plaintiffs and defendants seek costs and sanctions pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1. Unquestionably this action involved lengthy and at times tense litigation and each side sets forth multiple allegations of why the conduct of the other was frivolous. After *625 reviewing all arguments, the court finds that neither side demonstrated to the satisfaction of this court that any conduct was completely without merit in law, undertaken primarily to delay or prolong the resolution of the litigation, or undertaken to harass or maliciously injure another. Therefore, both plaintiffs’ motion for costs and sanctions and defendants’ cross motion for costs and sanctions are denied.
Accordingly, it is hereby ordered that the plaintiffs’ motion dated June 11, 2013 seeking an order from this court granting plaintiffs a voluntary discontinuance is hereby granted; and it is further ordered that plaintiffs’ motion dated June 11, 2013 for costs and sanctions is hereby denied; and it is further ordered that defendants’ cross motion dated June 27, 2013 for costs and sanctions is hereby denied; and it is further ordered that the above-captioned action commenced on or about September 21, 2009 seeking a permanent injunction precluding defendants from operating a bed and breakfast at defendants’ property is hereby dismissed with prejudice upon this court having granted plaintiffs’ motion for a voluntary discontinuance with prejudice; and it is further ordered that defendants’ motion dated July 16, 2012 for summary judgment and associated relief is hereby denied as moot.