Bay St. Landing Homeowners Assn., Inc. v Meadow Partners, LLC (2019 NY Slip Op 01384)





Bay St. Landing Homeowners Assn., Inc. v Meadow Partners, LLC


2019 NY Slip Op 01384


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-05921
 (Index No. 100622/16)

[*1]Bay Street Landing Homeowners Association, Inc., appellant, 
v
Meadow Partners, LLC, et al., respondents.


Robert S. Carroll, Staten Island, NY, for appellant.
Robert E. Brown, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated April 6, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that a certain affirmative covenant runs with the subject land.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that a certain affirmative covenant runs with the subject land is granted, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings, including the entry of a judgment, inter alia, declaring that the affirmative covenant runs with the subject land.
Bay Street Landing Homeowners Association, Inc. (hereinafter the HOA), is an entity that manages and maintains a residential community known as Bay Street Landing in Staten Island. In October 2000, the HOA contracted to sell 130 Bay Street Landing (hereinafter the property) to Bay Street/St. George, LLC (hereinafter BSSG), for the purpose of developing the property into condominium luxury apartments. The contract of sale required that BSSG construct amenities such as gardens and picnic areas, as well as a pedestrian walkway linking the property with the rest of the Bay Street Landing community (hereinafter the walkway covenant).
By a referee's deed after a foreclosure sale in May 2012, the property was acquired
by SI Pearl Partners, LLC, a development company associated with Meadow Partners, LLC, a real estate investment company (hereinafter together the Partners). In August 2016, the HOA commenced this action against the Partners seeking, in effect, a declaratory judgment that the walkway covenant remained in full force and effect against the Partners. The HOA also moved for the same relief. The Partners opposed the HOA's application.
By order dated April 6, 2017, the Supreme Court, inter alia, denied the branch of the HOA's motion which was, in effect, for summary judgment declaring that the walkway covenant remained in full force and effect against the Partners. The court determined that any claim for breach of the walkway covenant was time-barred, and that, in any event, the walkway covenant did not run with the land, and, thus, was not enforceable against the Partners. The HOA appeals, arguing that the court erred in determining that the walkway covenant did not run with the land.
The Supreme Court determined that since the walkway covenant was breached when BSSG either failed to construct the walkway or pay the HOA the sum of $300,000 to construct the walkway within 60 days of the contract date of October 20, 2000, any claim for breach of the walkway covenant was time-barred by the six-year limitations period. However, contrary to the court's determination and the Partners' contention, the contract did not contain any provision that required construction of the walkway within 60 days of the contract date of October 20, 2000. Rather, the contract specified that "[w]ithin sixty (60) days . . . Purchaser shall deliver to Seller detailed plans and specifications for the construction of the Walkway (the Walkway Plans and Specifications')." No evidence was submitted by the parties as to whether BSSG delivered the Walkway Plans and Specifications, and no argument was made as to whether any failure to timely deliver the Walkway Plans and Specifications would constitute a material breach of the walkway covenant. Given the large scope of the project and totality of circumstances, it does not appear that any failure to timely deliver Walkway Plans and Specifications would be so substantial and fundamental as to necessarily defeat the very purpose of the parties' contract (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284; RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654) so as to trigger the running of the limitations period on a breach of contract cause of action. Accordingly, we disagree with the Supreme Court's determination that any claim for a breach of the walkway covenant was time-barred.
We also disagree with the Supreme Court's determination that the walkway covenant did not run with the land. As stated by the Court of Appeals, "[i]n Neponsit [Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY 248] we articulated three conditions . . . that must be met in order for a covenant to run with the land: (1) it must appear that grantor and grantee intended that the covenant should run with the land; (2) it must appear that the covenant is one touching or concerning the land with which it runs; [and] (3) it must appear that there is privity of estate between the promisee or party claiming the benefit of the covenant and the right to enforce it, and the promisor or party who rests under the burden of the covenant" (328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d 372, 382-383 [internal quotation marks omitted]; see Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY at 255) (hereinafter the Neponsit conditions).
The contract, dated October 20, 2000, set forth as Schedule D a preliminary walkway plan "for the construction of a pedestrian walkway" linking the property with the rest of the Bay Street Landing community and its common amenities including, among other things, community gardens, picnic areas, parking areas, and the existing dog run. Section 26 of the contract specified that "[a]s an inducement to Seller to enter into this Contract, Purchaser shall, at its sole cost and expense, construct the Walkway," and that it was "the intention of the parties that the overall cost to construct the Walkway shall be approximately Three Hundred Thousand ($300,000.00) and 00/100 Dollars." The contract provided that "[t]his Section 26 shall survive the Closing." Section 27 of the contract provided that the purchaser shall submit to the seller detailed project plans and specifications illustrating the design of the building, as well as the exterior improvements including common areas, walkways, and parking areas. On May 21, 2002, which was the date of the closing, HOA and the purchaser entered into an "Amendment to the Restrictive Declaration of Bay Street Landing Home Owners Association, Inc." (hereinafter 2002 Amendment), which was recorded on July 9, 2002, and which provided in paragraph 17 that "[t]he covenants, restrictions, conditions and provisions contained in this Agreement (whether affirmative or negative in nature) shall constitute covenants running with the land and shall bind every person having a fee, leasehold, or other interest in the Acquired Property." Notably, the 2002 Amendment did not specifically reference the walkway covenant. The 2002 Amendment did, however, provide that the purchaser was required to "spend not less than $300,000.00 on the construction of a pedestrian walkway and common area."
The contract entered into in 2000, and the 2002 Amendment, as well as the circumstances of the transaction, demonstrate that the grantor and grantee intended that the walkway covenant should run with the land, thus satisfying the first Neponsit condition (see 328 Owners Corp. v 330 W. 86 Oaks Corp., 8 NY3d at 383). Indeed, the walkway covenant was expressly deemed an "inducement" for the HOA to sell the property to BSSG (see id.), and expressly survived the closing date. Allowing the purchaser to circumvent the obligation to construct the walkway by transferring title would be clearly antithetical to an essential purpose of the contract, which was to sell the property to a purchaser who would integrate the property with the entire condominium community by, among other things, constructing a walkway linking the condominium buildings to their shared exterior common areas (see id.; City of New York v Delafield 246 Corp., 236 AD2d 11, [*2]24).
The second Neponsit condition, that the walkway covenant touches and concerns the land, is easily met here, since the walkway covenant requires construction of a walkway linking the property with the Bay Street Landing community, and construction of common amenities. Thus, it "directly affects the uses to which the land may be put and substantially affects its value"(Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 263; see Johnson v Nisbet, 68 AD3d 1333, 1336).
The third Neponsit condition is satisfied by the undisputed facts establishing the requisite privity between the original grantee and the Partners. The chain of title as set forth by the parties establishes that the Partners derived their title through a series of conveyances originating from the original grantee who took possession of the property subject to the walkway covenant (see Malley v Hanna, 65 NY2d 289, 291-292; City of New York v Delafield 246 Corp., 236 AD2d at 26-27).
Accordingly, the HOA made a prima facie showing of its entitlement to judgment as a matter of law, and in opposition, the Partners failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Thus, the Supreme Court should have granted that branch of the HOA's motion which was, in effect, for summary judgment declaring that the walkway covenant runs with the land. The matter must be remitted to the Supreme Court, Richmond County for further proceedings, including the entry of a judgment, inter alia, declaring that the walkway covenant runs with the land (see Lanza v Wagner, 11 NY2d 317).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.

2017-05921 DECISION & ORDER ON MOTION
Bay Street Landing Homeowners Association, Inc.,
appellant, v Meadow Partners, LLC, et al.,
respondents.
(Index No. 100622/16)

Motion by the respondents, inter alia, to strike point two of the appellant's brief on an appeal from an order of the Supreme Court, Richmond County, dated April 16, 2017, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated November 14, 2017, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.
Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted, and point two of the appellants' brief is deemed stricken and has not been considered on the determination of the appeal.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court