DAVID K. PLACE et al., Appellants, *v.* JOSEPH V. CUMMISKEY, Respondent.

Third Department, July 31, 1958.

*Robert P. McDowell* and *Sherman Moreland, III,* for appellants.

*James E. Personius* for respondent.

*Per Curiam.* On August 27, 1953 plaintiffs conveyed to defendant by deed certain enumerated lots described on case map No. 1218 in the Chemung Clerk's office. Besides the lots they conveyed title to a street shown on the map, the following

language being employed in the deed: "designated as 'Lena Place' (which name for said thoroughfare shall be retained) ".

The complaint which is cast in the form of an action for money damages for breach of covenant in the deed, pleads that the reference to the thoroughfare name " Lena Place " and the parenthetical statement that the name " shall be retained " was " a covenant running with the land " and was breached by the defendant in failing to retain the name " Lena Place ".

Plaintiffs contend they have an enforcible property interest in the retention of the name of the street in the subdivision which they conveyed to the defendant. The County Court, after a trial, found in favor of the defendant and dismissed the complaint.

We are of opinion that the finding of the County Court to the effect there had not been a breach of covenant by the defendant is sustained by the record; and is consistent with the weight of the evidence.

After having acquired from plaintiffs the lots and the thoroughfare by his deed, defendant undertook to develop the property, to erect buildings on the lots and to sell them off. Based on the original case map, defendant had prepared and filed an additional case map, No. 1280, which changed the size and number of lots, but continued the designation of the street as " Lena Place ". In all of the deeds given by defendant to purchasers, reference was made to one or the other of these case maps in the clerk's office and each of these maps, as it has been seen, clearly showed the name of the thoroughfare to be " Lena Place ", which the defendant had agreed should be " retained ".

Some of the deeds given by defendant to lots in the subdivision specifically referred to the street as " Lena Place "; and some of them described the specific lot sold as being also known as a number on " Gail Drive " or " the street designated as Gail Drive on the above referred case map " which, as it has been noted, referred to the street not as Gail Drive, but as Lena Place.

These additional or inconsistent references in some of the deeds do not clearly establish that defendant had not retained the street name in dispute, because each of such deeds, as well as all the others, referred to the underlying case maps which did retain the name. This is especially the case when it is borne in mind these deeds to lots did not convey title of the street itself to any of the grantees.

On August 2, 1954 defendant conveyed to the City of Elmira the actual strip of land of the thoroughfare itself which was the precise land concerning which he had agreed to retain the name of Lena Place. In this conveyance of the street itself the name was retained. The conveyance of the street was by direct refer-

ence to both case maps and the case maps showed the street name as Lena Place.

The acts of the defendant directly related to the street itself indicate a retention rather than a change of name of the street. When he prepared a new case map (No. 1280) he showed the street to be Lena Place; when he dedicated that land to the city by deed he dedicated it as Lena Place by reference to the maps. When the city took this land its legislative resolution accepted it as '' Lena Place ''.

Later, the city changed the name to Gail Drive on application of some owners of lots which had been sold by defendant, and while this public decision was later enjoined by judgment of the Supreme Court to which defendant was not a party, the change in name by the city was not on defendant's petition or application and need not have been found by the County Court in this action to have been attributable to him.

Although there is some proof that defendant in some advertising and in some applications for work permits referred to the street as Gail Drive, on the whole record we are satisfied the County Court was right in holding that a breach of the covenant had not been established in failing to '' retain '' the name Lena Place.

But if we were to accept plaintiffs' theory that there has been a breach of the covenant, it is a breach in which plaintiffs have no present actionable right, because in December, 1954 they conveyed their legal interest in all the remaining land that could be affected by the covenant.

Their sentimental interest in the name of the street was no longer actionable. (*Graves* v. *Deterling,* 120 N. Y. 447.) As LEHMAN, J., noted in *Neponsit Property Owners' Assn.* v. *Emigrant Ind. Sav. Bank* (278 N. Y. 248, 261) '' no right to enforce even a restrictive covenant has been sustained in this State where the plaintiff did not own property which would benefit by such enforcement ''.

The damage which plaintiffs claim is for legal fees in maintaining the action against the city to enjoin the change in name of the street. But that judgment was entered on December 30, 1955, long after plaintiffs had lost all interest in the remaining property and damage would not in those circumstances be chargeable to defendant.

Besides this, defendant was not shown on this record to have been so responsible for the initiation or enactment of the city ordinance changing the name that legal fees in an action against the public agency which made such change could be assessed against him in an action at law on any conceivable theory.

The judgment should be affirmed, with costs to defendant.

BERGAN, J. P., GIBSON and HERLIHY, JJ., concur; REYNOLDS, J., not voting.

Judgment affirmed, with costs to the defendant-respondent.