■ ANASAE REALTY CORP., Appellant, v JERRY FIRESTONE et al., Respondents. — Order, Supreme Court, New York County (Louis Grossman, J.), entered October 26, 1983, denying plaintiff's motion for injunctive relief, granting defendants' cross motion to dismiss the complaint and canceling and discharging a *lis pendens* which had been filed against the premises, reversed, on the law, without costs or disbursements, the cross motion to dismiss denied, the complaint and notice of pendency reinstated and the motion for preliminary injunctive relief granted, enjoining and restraining defendants during the pendency of the action from conveying, exchanging, encumbering or otherwise transferring the premises known as 122 Water Street, New York, New York. ¶ The action was brought for specific performance of a right of first refusal or preemptive right, granted to Anthony DeLyra, the successful bidder at a referee's foreclosure sale held in 1967. By agreement entered into December 21, 1967, DeLyra assigned to Firestone his bid to purchase the property. In exchange, Firestone agreed to give DeLyra 30% of the net profits derived from operation or sale of the property, with Firestone to have "the sole and exclusive management of the subject property including the sole right to negotiate and consummate the sale or mortgaging of said property, provided, however, that in the event of a proposed sale ANTHONY DELYRA shall have the first right to purchase said property on the same terms and conditions as the original offer of the proposed purchaser." The agreement provided for notice to be given to DeLyra by certified mail, following which DeLyra was to be afforded a 10-day period within which to exercise his preemptive right. ¶ On June 10, 1981, appellant Anasae Realty Corp. obtained an assignment of DeLyra's right of first refusal, the sixth successive assignment of this preemptive right. Prior to this latest assignment, on April 16, 1980, respondent Joyce, the owner of the adjacent property, was granted a three-year option to purchase at a price of $325,000 during the first two years and $357,000 during the third year. On March 5, 1982, during the second year, Joyce exercised the option to purchase at the agreed price. Subsequently, there were negotiations to effect an exchange of property in lieu of a purchase, which, according to plaintiff, was designed to deprive it of its preemptive right to purchase the property "on the same terms and conditions as the original offer of the proposed purchaser." ¶ Special Term dismissed the complaint, concluding that the right of first refusal contained in the agreement violated New York's statutory rule against remoteness in vesting contained in EPTL 9-1.1 (subd [b]): "No estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved." ¶ In holding that the preemptive right violated the rule against perpetuities, the court, for the most part, relied upon *Buffalo Seminary v McCarthy* (86 AD2d 435, affd 58 NY2d 867). However, the option at issue in *Buffalo Seminary* (*supra*, p 437), unlike the language used by the parties here, was granted to the plaintiff, " 'its successors and assigns' " and the agreement was made binding upon " 'the heirs, executors, administrators, successors and assigns of the parties hereto.' " No similar language is provided in the December 21, 1967 agreement between Firestone and DeLyra. The fact that the preemptive right was assigned by DeLyra six days after the agreement evinces an intention that the right be assignable. However, on this record, and in view of the procedural posture of the appeal, we cannot finally resolve the legal issues as to the applicable measuring life or lives in terms of the rule against perpetuities and whether the option was unlimited in duration or was to be measured by the life of DeLyra and/or Firestone. (Cf. *Witt v*

*Disque,* 79 AD2d 419.) Plaintiff only sought preliminary injunctive relief and defendant's motion to dismiss was addressed to the face of the pleading under CPLR 3211 (subd [a], par 7). Thus, at this juncture, our inquiry is limited to a determination whether the complaint states a cognizable claim for relief (*Foley v D'Agostino,* 21 AD2d 60). We conclude that it does. ¶ Accordingly, we have reinstated the complaint and the notice of pendency and, to preserve the *status quo* pending disposition on the merits, we conclude that preliminary injunctive relief is necessary, enjoining defendants *pendente lite* from conveying, exchanging, encumbering or otherwise transferring the property until further order of the court. (*Chrysler Corp. v Fedders Corp.,* 63 AD2d 567, 569). Concur — Murphy, P. J., Kupferman, Bloom and Kassal, JJ.

Asch, J., concurs in a memorandum as follows: I disagree with the view of the majority that the substantive factual issues raised by this appeal cannot be decided on this record. However, in view of the procedural posture of this record, we are unable to dispose of the matter entirely. Hence, I concur in the result arrived at by the court. ¶ There are two main underlying questions presented by the appeal. Respondents have questioned the capacity of Anasae Realty Corp. to exercise the preemptive option and to compel Firestone to convey the partnership property. On what is before this court and as a matter of law, this objection is not convincing. ¶ The assignment of the preemptive option from DeLyra to Anasae was in writing, duly acknowledged and properly recorded in the county where the property is situated. Nothing more was required to place Joyce on notice of Anasae's rights. ¶ As a general rule, unless the parties clearly agree otherwise, options are freely assignable. (3 Williston, Contracts [3d ed], § 415, pp 69-73; Restatement, Contracts 2d, §§ 25, 320, Comment *a* ["[A]n option contract * * * is treated as creating a right which is assignable like other contractual rights"].) In this respect, they differ from contracts for personal services which, as a general rule, are nonassignable by either party. (3 NY Jur, Assignments, § 7.) ¶ Moreover, not only was the DeLyra recorded assignment of his preemptive option binding upon Firestone and Joyce but the assignment of his partnership interest to Anasae was also valid. Partnership interests are clearly assignable and such an assignment does not dissolve the partnership. (Partnership Law, § 53; see *Rapoport v 55 Perry Co.,* 50 AD2d 54.) ¶ In so far as the preemptive option was a right personal to DeLyra individually, it was assignable and Anasae as assignee would have all rights of its assignor to enforce it — albeit, limited to the rights including its duration enjoyed by the assignor, and no more. ¶ The second question relates to whether the preemptive option before us ran afoul of the rule against perpetuities. I would hold that it did not, as a matter of law. *Buffalo Seminary v McCarthy* (86 AD2d 435, 444-445, affd 58 NY2d 867) held that an option to buy a strip of real property violated the rule against perpetuities because it was specifically granted to " 'the party of the second part, its successors and assigns' ", and made binding upon " 'the heirs, executors, administrators, successors and assigns of the parties hereto.' " The quoted language has relevance to the validity of the option when measured against the rule against perpetuities. As that court said (p 445): "Contrary to plaintiff's argument, the inclusion of such words is significant and shows the parties' understanding that the option is to 'extend in duration for an indefinite period of time' (* * * compare *Witt v Disque,* 79 AD2d 419, *supra, Dodd v Rotterman,* 330 Ill 362, and *Weitzmann v Weitzmann,* 87 Ind App 236, in which the option could be exercised only by the named party and not by successors or assigns thereof — in such cases, the duration of the option would of necessity be limited to a life in being)". ¶ It was "specifically understood" that Firestone has the "sole and exclusive management of the subject property including the sole right to negotiate and consummate the sale or mortgaging of said

property". Thus, it appears that any proposed sale (the event triggering DeLyra's "first right to purchase") was intended to take place within the lifetimes of Jerry Firestone and Anthony DeLyra. As noted by Professor Rohan in his Practice Commentary to EPTL 9-1.1 (McKinney's Cons Laws of NY, Book 17B, 1983-1984 Pocket Part, p 181), the section does not adopt a "wait and see" approach. Limitations stand or fall as of the effective date of the creating instrument; the court will not wait until the expiration of admittedly valid interests to see whether a conceivable violation does or does not occur with respect to questionable interests. ¶ Pursuant to ETPL 9-1.3 "Rules of construction": ¶ "(a) Unless a contrary intention appears, the rules of construction provided in this section govern with respect to any matter affecting the rule against perpetuities. ¶ "(b) It shall be presumed that the creator intended the estate to be valid." ¶ Respondents argue that because there is nothing in the agreement to indicate that the agreement is personal to either party and that the agreement has been assigned six times by DeLyra, the first assignment being made six days after execution of the agreement, it is clear that the parties intended a perpetual right of first refusal and the same is set forth in a perpetual agreement. As the court in *Buffalo Seminary* (*supra,* at p 445) recognized, where an option can be exercised only by the named party and not expressly drafted to include successors or assigns, the duration of the option is of necessity limited to a life in being. Thus, it appears that in the instant case, if the duration of the option were not measurable by Firestone's life, it would certainly be measurable by DeLyra's life, and any assignment of the option would be subject to such limitation. (See Perpetuities — Preemptive Rights to Realty, Ann., 40 ALR3d 920.) ¶ There are, therefore, no questions of fact which must be resolved by a trial court. ¶ Settle order providing for an appropriate undertaking.