RICHARD P. CLARKE et al., Respondents, v FRANCIS CALDWELL, Appellant.

Third Department, November 25, 1987

APPEARANCES OF COUNSEL

*Carl J. Rubino, Jr.,* for appellant.

*Randolph E. Parker (James T. Curry* of counsel), for respondents.

### OPINION OF THE COURT

MIKOLL, J.

In 1949, Hugh G. Caldwell and Anne V. Caldwell conveyed a parcel of land to Eva Clarke and Philip J. Clarke (hereinafter the Clarkes). The deed, recorded August 26, 1949, contained a right of first refusal clause (hereinafter the repurchase clause), which reads as follows: "If the parties of the second part at any time hereafter desire to sell the premises herein conveyed they shall, prior to the making of any offer of sale or the acceptance of any offer of purchase, give written notice to the parties of the first part of such offer stating the name and address of the party by whom or to whom the offer was made, the price named in the offer, and the terms and conditions of the said offer, and the parties of the first part may at any time within thirty days after receipt of such notice elect to repurchase the property herein conveyed upon the terms stated in such notice and the parties of the second part agree to convey the said property by full covenant and warranty deed upon the terms and conditions of the said offer." Defendant acquired whatever rights she has, if any, under the repurchase clause by virtue of joint tenancy, will and intestacy from the original grantors.

In 1980, the Clarkes conveyed the parcel to their sons, Richard P. Clarke and Philip J. Clarke, Jr. (hereinafter plaintiffs). The Clarkes gave no notice to defendant of this conveyance. Plaintiffs received at least constructive notice of the repurchase clause since it was in the chain of title. In 1985, the property was placed on the market by plaintiffs without notice to defendant, who learned of plaintiffs' intent to sell from another source. Defendant then attempted to exercise her inherited right of first refusal under the repurchase clause. She made an offer in excess of the third party's offer. Her offer was refused. The third party subsequently withdrew its offer.

Plaintiffs commenced this action pursuant to RPAPL article 15 to resolve any adverse claims to the property. They sought a declaration that defendant inherited no rights under the repurchase clause because it was a personal covenant between the grantors and grantees. They claimed that the clause did not create an interest in the land because it does not exhibit

an intent to bind the successors to the deed. Plaintiffs also asserted that the repurchase clause was, in effect, an option contract which, although assignable, was not assigned to defendant. Defendant counterclaimed for a declaration of the repurchase clause's validity, of her right to maintain an action under the clause and for an order compelling plaintiffs to honor the clause. Motions for summary judgment were made by each side.

Supreme Court held that the repurchase clause was a personal covenant between the Caldwells and the Clarkes, as grantors and grantees, and expired with their deaths. The court found that the clause did not run with the land and, therefore, could not pass to the successors of the grantors and/or grantees, namely, defendant. The court therefore granted plaintiffs' cross motion for summary judgment, denied defendant's motion for summary judgment on her counterclaim and canceled a notice of pendency. This appeal by defendant followed.

There should be an affirmance. Supreme Court correctly found that the repurchase clause was a personal covenant not binding on the successors of the grantors and grantees. This is not a proper case for enforcement of the repurchase clause in equity since there is a lack of any evidence showing the original parties' intent to bind successors.

The repurchase clause is not an option. An option is an absolute and unconditional promise to sell at a certain determinable price within a period of time. It is a unilateral contract which the optionee completes by accepting (see, 3A Warren's Weed, New York Real Property, Options, § 3.02 [4th ed]; 77 Am Jur 2d, Vendor and Purchaser, § 49). The repurchase clause does not create such a right. If the owner never decides to sell, the optionee may never exercise the option (ibid.).

In the case at bar, no one assigned defendant any contractual rights, although a repurchase clause, like an option, may be assigned (see, Anasae Realty Corp. v Firestone, 103 AD2d 707). However, we find no authority that holds that repurchase agreements may be inherited. Thus, defendant inherited no contractual rights under the repurchase clause viewed as a contract. Considering the option as part of the deed, defendant did not inherit any rights under the repurchase clause. In order to inherit under a covenant in a deed, it must be found that the agreement is a "real" covenant, or a covenant that

"runs with the land". To enforce a real covenant, it must be shown that (1) the grantor and grantee intended the covenant to run with the land, (2) there is privity of estate between the parties to the current dispute, and (3) the covenant touches and concerns the land *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 254-255). The proponent must prove these three elements by clear and convincing evidence *(Huggins v Castle Estates,* 36 NY2d 427, 430).

Although there is privity of estate between the parties, the repurchase clause cannot be viewed as a real covenant because defendant has failed to demonstrate by clear and convincing evidence that the original grantors and grantees intended the clause to bind their successors or that the clause touches and concerns the land. It appears that the grantors and grantees did not intend the repurchase clause to run with the land since the deed employed the phrase "heirs, successors and assigns" after other covenants but not following the repurchase clause. The repurchase clause did not touch and concern the land since the covenant did not in purpose and effect substantially alter the legal rights of the covenantor in the land *(see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra,* at 258). Moreover, even if the covenant did run with the land, defendant could not enforce it because she retained no land which would benefit from such enforcement *(see, supra,* at 261; *Place v Cummiskey,* 6 AD2d 344, 346).

New York courts have enforced covenants in equity which did not touch and concern the land *(see, Wolf Petroleum Corp. v Chock Full of Power Gasoline Corp.,* 41 AD2d 950, *lv dismissed* 33 NY2d 764) or where there was no privity of estate *(Lewis v Gollner,* 129 NY 227). However, in the case at bar, defendant lacks at least one of the formal requirements; while there is privity of estate, the repurchase clause does not touch and concern the land, and the intent of the grantors and grantees is uncertain. Even though plaintiffs acquired the property with notice of the repurchase clause, the lack of evidence of the original parties' intent to bind successors precludes defendant from enforcing the repurchase clause in equity.

MAHONEY, P. J., MAIN, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, with costs.