■ Cappelli Armonk, LLC, et al., Respondents, v Village/Town of Mount Kisco, Appellant. [784 NYS2d 630]—

In an action pursuant to RPAPL article 15 to compel the de-

termination of claims to real property and for a judgment declaring that a certain restrictive covenant does not run with the land, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered April 7, 2003, as granted the motion of the plaintiff Cappelli Armonk, LLC, for summary judgment declaring that the subject restrictive covenant does not run with the land, and denied those branches of its cross motion which were for summary judgment declaring that the restrictive covenant does run with the land, and for an award of an attorney's fee, and (2) from a judgment of the same court entered August 15, 2003, upon the order. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly declared that the restrictive covenant embodied in an agreement dated January 23, 1979, did not run with the land. The agreement was not part of the grantor's deed and the defendant's predecessors in interest did not own property which would benefit by the enforcement of the covenant (*see Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank*, 278 NY 248 [1938]; *Korn v Campbell*, 192 NY 490 [1908]; *Place v Cummiskey*, 6 AD2d 344 [1958]).

The appellant's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Skelos, JJ., concur.