◼ Lattingtown Harbor Property Owners Association, Inc., Respondent, v Dominick Agostino, Appellant. [825 NYS2d 86]—

In an action, inter alia, to permanently enjoin the defendant from erecting structures on his property in violation of certain restrictive covenants, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Ayres, J.), entered March 18, 2005, which, after a hearing to determine the validity of service of process, denied his motion to dismiss the complaint for lack of personal jurisdiction (2), as limited by his brief, from so much of an order of the same court (Ayres, J.) entered May 23, 2005, as, upon reargument, adhered to the prior determination, (3) from an order of the same court (Joseph, J.) entered May 24, 2005, which granted the plaintiff's motion for a preliminary injunction enjoining him from erecting any "piers, fencing or gates" on his property (4), as limited by his brief, from so much of an order of the same court (Joseph, J.) entered August 1, 2005, as denied that branch of his motion which was for leave to renew his opposition to the prior motion for a preliminary injunction and, upon reargument, adhered to the prior determination granting the motion for a preliminary injunction, and (5), as limited by his brief, from so much of an order of the same court (Joseph, J.) entered October 25, 2005, as denied that branch of his motion which was to compel further discovery.

Ordered that the appeals from the orders entered March 18, 2005, and May 24, 2005 are dismissed as superseded by the orders entered May 23, 2005 and August 1, 2005, respectively, made upon reargument; and it is further,

Ordered that orders entered May 23, 2005, August 1, 2005, and October 25, 2005, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff homeowners' association commenced this action, inter alia, to enjoin the defendant from erecting "piers, fencing or gates" on his property. The defendant's property is located within the confines of a single-family home residential community, all of which properties are part of a common scheme, encumbered by restrictive covenants in an amended declaration. The amended declaration requires that a homeowner obtain permission for the construction of "any structure" and "fences of any kind."

Contrary to the defendant's contention, the court properly determined that the plaintiff acquired jurisdiction over the defendant through proper service of process. While the court framed the issue in its oral decision, after the traverse hearing,

as one of credibility, and discussed various factors that it considered in making its determination, it is clear that the court employed the correct legal standard in assessing whether the defendant was properly served. "A process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service pursuant to CPLR 308 (2)" (*Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 343-344 [2003]). In this case, the defendant's wife rebutted the process server's affidavit with an affidavit stating that she had not been served, and was thus entitled to a hearing to determine the validity of service of process where the plaintiff had the burden to establish jurisdiction by a preponderance of the evidence (*id.* at 344).

When there is conflicting evidence, a credibility determination is necessary (*see Home Fed. Sav. Bank v Mahood,* 260 AD2d 438, 439 [1999]). "The hearing court's credibility determination is entitled to great weight on appeal" (*id.*). Because the hearing court's determination is amply supported by the record, we decline to disturb its finding that the process server was more credible than the defendant.

The court properly granted the plaintiff's motion for a preliminary injunction, enjoining the defendant from erecting "piers, fencing or gates" on his property. To be entitled to a preliminary injunction, the movant must establish "(1) the likelihood of success on the merits; (2) irreparable injury absent granting of the preliminary injunction; and (3) a balancing of the equities [in the movant's favor]" (*W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]; *Ruiz v Meloney,* 26 AD3d 485 [2006]). Contrary to the defendant's argument, the court properly determined that the plaintiff had a likelihood of success on the merits because the defendant's intended improvements are specifically prohibited, absent the plaintiff's approval. The court also correctly found that the plaintiff was able to show irreparable injury to the essential feel or architecturally harmonious character of the community absent the grant of the preliminary injunction (*see generally Deak v Heathcote Assn.,* 191 AD2d 671, 673 [1993] [when association members placed value on restriction and rejected waiver of restriction, value of restriction is shown]). Finally, the plaintiff showed the equities balance in its favor because the defendant purchased the property subject to the recorded restrictions, and thus began the building of the piers and gate with full knowledge of the restrictions (*see generally Smith v Sheppard,* 301 AD2d 913, 915 [2003]).

Moreover, the plaintiff's board voted by a majority to reject the defendant's improvements, reasoning that the fence piers and gates were "out of context in scope with anything else that's

within the community," that the fence piers were "just too large in cube, there [was] nothing in the community that approach[ed] the size of [the] piers." Thus, the board's decision was authorized and taken in good faith and in furtherance of the legitimate interests of the corporation, and this Court will not second-guess that decision (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 537-538 [1990]; *Captain's Walk Homeowners Assn. v Penney,* 17 AD3d 617, 618 [2005]).

The court properly denied that branch of the defendant's motion which was to compel additional discovery as the defendant failed to show that the plaintiff's board president had insufficient knowledge or that there was a substantial likelihood that some other party would have information material and necessary to the case (*see Zollner v City of New York,* 204 AD2d 626, 627 [1994]).

The defendant's remaining contentions are without merit. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.