■ FOREST CLOSE ASSOCIATION, INC., Respondent-Appellant, v ROBERT M. RICHARDS et al., Appellants-Respondents. [845 NYS2d 418]—

In an action, inter alia, for a judgment declaring that certain proposed construction by the defendants would violate a restrictive covenant, and to permanently enjoin the defendants from constructing any addition in the rear garden of their property, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), entered June 2, 2006, as granted the plaintiff's motion for summary judgment to the extent of declaring that the proposed construction by the defendants is subject to the restrictive covenant, and permanently enjoined the defendants from constructing any addition in the rear yard of their property, and the plaintiff cross-appeals from so much of the order and judgment as denied that branch of its motion which was for summary judgment dismissing the defendants' fourth counterclaim.

Ordered that the order and judgment is modified, on the law and the facts, by adding to the provision permanently enjoining the defendants from constructing any addition in the rear yard of their property the words "without the consent in writing of Forest Close Association, Inc., having been first had and secured"; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Forest Close Association, Inc., a homeowners association representing the interests of the homeowners of the private community of Forest Close in Queens, established its entitlement, as a matter of law, to enforce the restrictive covenant at issue, which prohibits homeowners, such as the defendants herein, from, among other things, erecting, without the plaintiff's consent, any structure on their property that would encroach on the so-called garden quadrangle (*see Kew Forest Neighborhood Assn. v Lieberman,* 306 AD2d 443, 444 [2003]; *Westmoreland Assn. v West Cutter Estates,* 174 AD2d 144, 148 [1992]; *see also Orange & Rockland Util. v Philwold*

*Estates,* 52 NY2d 253, 263 [1981]; *cf. Cappelli Armonk, LLC v Village/Town of Mount Kisco,* 12 AD3d 477, 478 [2004]; *Turner v Williams,* 264 AD2d 443 [1999]). In opposition, the defendants failed to raise a triable issue of fact.

Further, the plaintiff established its entitlement to a permanent injunction by demonstrating that it would suffer irreparable harm without such relief (*see Kane v Walsh,* 295 NY 198, 205-206 [1946]; *Williamsburg Around the Bridge Block Assn. v Giuliani,* 223 AD2d 64, 74 [1996]). Specifically, the plaintiff established that the defendants' construction of a proposed brick addition to the rear of their home would alter Forest Close's interior garden quadrangle and would be difficult to remove, and under such circumstances, the plaintiff could not be made whole with an award of damages (*cf. Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino,* 34 AD3d 536, 538 [2006]).

The plaintiff also established the applicability of the business judgment rule as shielding from judicial disturbance its decision to enforce the restrictive covenant, as the evidence demonstrates that the enforcement thereof is authorized, was made in good faith, and furthers the plaintiff's interests of maintaining the integrity of Forest Close's interior garden quadrangle (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538 [1990]; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino,* 34 AD3d at 538-539; *Nuzzo v Board of Mgrs. of Jefferson Vil. Condominium No. 1,* 228 AD2d 568 [1996]).

However, in light of the plaintiff's concession at oral argument of this appeal that it seeks to enforce the restrictive covenant only to the extent of prohibiting the erection of any structure without its consent, the scope of the permanent injunction has been so limited.

The plaintiff's contention concerning an attorney's fee is not properly before this Court (*see Jordan v Jordan,* 8 AD3d 444, 446 [2004]; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133 [1986]).

The remaining contentions of the plaintiff and the defendants are without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.