■ Spaulding Lake Club, Inc., Respondent, v Haibo Jiang, Also Known as Jim Ying, Appellant. [911 NYS2d 565]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 22, 2009. The order, inter alia, granted plaintiff's motion for partial summary judgment on the first cause of action in the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a permanent injunction ordering defendant, a member of plaintiff, to remove a Greco-Roman-style gazebo and two statues from defendant's property in the Spaulding Lake development (development). Plaintiff is a not-for-profit corporation comprised of owners of property within the development and formed for purposes including enforcement of the "Declaration of Protective Covenants, Restrictions, Easements, Charges and Liens-Spaulding Lake" (Declaration). The Declaration requires that owners of lots in the development seek approval before making modifications or improvements to their property.

We conclude that Supreme Court properly granted plaintiff's motion for partial summary judgment on the first cause of action seeking a permanent injunction. It is well settled that, "[s]o long as the board [of directors of a homeowners' association] acts for the purposes of the [homeowners' association],

within the scope of its authority and in good faith, courts will not substitute their judgment for [that of] the board[ ]" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *see Forest Close Assn., Inc. v Richards*, 45 AD3d 527, 529 [2007]; *Matter of Irene v Cathedral Park Tower Bd. of Mgrs.*, 273 AD2d 816 [2000], *lv denied* 95 NY2d 764 [2000]). Pursuant to the Declaration, plaintiff may reject proposed improvements based on its "objection to the . . . style of architecture" or because the improvement is "inharmonious or incompatible with the general plan of improvement" of the development. Here, plaintiff rejected defendant's proposal because, inter alia, the installation of the statues and gazebo were incompatible with the prevailing style of architecture in the development and the gazebo would interfere with the view of Spaulding Lake. Thus, contrary to defendant's contention, plaintiff acted within the scope of its authority when it rejected defendant's proposal to install the statues and gazebo (*see generally Levandusky*, 75 NY2d at 537-538; *Forest Close Assn., Inc.*, 45 AD3d at 528-529).

Contrary to his further contention, defendant "failed to present evidence of bad faith . . . or other misconduct" on the part of plaintiff in rejecting his proposal (*Irene*, 273 AD2d at 817). There is no evidence that defendant was "deliberately single[d] out . . . for harmful treatment" inasmuch as no other homeowners were permitted to install similar statues or gazebos on their properties (*Levandusky*, 75 NY2d at 540). The contention of defendant that plaintiff failed to follow its own procedures in rejecting his proposal is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, that contention is without merit because plaintiff's moving papers contained unrefuted evidence that plaintiff complied with the provision of the Declaration requiring that the proposal be forwarded to plaintiff's architectural standards committee for review.

Finally, we conclude that plaintiff established as a matter of law that it would be irreparably harmed by the continued presence of the statues and gazebo on defendant's property, and defendant failed to raise a triable issue of fact in opposition (*see Forest Close Assn., Inc.*, 45 AD3d at 529; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.