OPINION OF THE COURT
Saxe, J.
A cooperative shareholder suffered extensive property damage to her apartment when the 10,000-gallon water tank above her unit overflowed, causing flooding in her apartment and, thereafter, accumulations of toxic mold. The plan of renovation and repair proposed by the cooperative’s board of directors would necessitate a 50-square-foot reduction in space of the apartment’s more than 1,400 square feet. The shareholder objected to the proposal, claiming it violated the terms of the proprietary lease, and sought a preliminary injunction prohibiting the board from proceeding with its planned work. The motion court denied the application, and this appeal ensued.
Plaintiff Maro A. Goldstone has been a proprietary lessee of Penthouse B in defendant’s co-op building at 605 East 82nd *103 Street since 1972, when she and her former husband purchased the apartment. Plaintiff Thomas R. Newman is Ms. Goldstone’s second husband and an occupant of the apartment. After the water tank overflowed and flooded plaintiffs’ apartment in August 2003, and toxic mold was subsequently discovered, defendant cooperative corporation had a contractor gut the apartment’s interior down to the cement, floors, ceilings and walls. Since then, the apartment has remained in uninhabitable condition.
Plaintiffs commenced this action in 2007, seeking damages and equitable relief based on causes of action for breach of contract, breach of the warranty of habitability, constructive and actual eviction, and a variety of torts. In 2010, this court declared that plaintiffs were entitled to a 100% abatement of maintenance from the date the water damage began until the apartment was restored to habitable condition (73 AD3d 506 [1st Dept 2010]), and in 2011 the motion court granted plaintiffs summary judgment on their claims for breach of the warranty of habitability and breach of the lease obligation to make repairs (32 Misc 3d 1239[A], 2011 NY Slip Op 51641[U] [2011]).
In a motion made just before the present motion, defendant sought an injunction granting it access to the apartment to perform work. That motion was granted over plaintiffs’ opposition, in which they made some of the same arguments raised in the present motion.
Plaintiff Goldstone then brought the motion under consideration here, challenging defendant’s plan for the renovation of the apartment and seeking to prevent the work from proceeding. Plaintiff asserted that she and her husband gave defendant plans prepared by their architects in 2008 providing for a redesign of the exterior walls of the apartment to prevent water infiltration, and also provided bids from four qualified waterproofing contractors. However, rather than responding to that proposal, defendant had another engineer prepare plans providing for waterproofing and facade repair work for the building, including the renovation of plaintiffs’ apartment, that defendant asserted avoided the prohibitively expensive need to demolish all the exterior walls.
Plaintiff argued that defendant’s plan would decrease the size of the interior of the apartment, in violation of her rights under the proprietary lease. Specifically, plaintiff asserted that by placing insulation on the apartment’s interior, defendant’s alterations would decrease the size of the interior and alter the *104 apartment’s configuration, because it would cause the loss of 2V2 inches along every wall where the insulation was placed, which plaintiffs’ expert calculated as a total loss of 50 square feet. Plaintiff stated that this alteration would reduce the hallway to a width smaller than that required by the Building Code, and that to maintain a hallway of the necessary width, the adjoining room would have to be decreased in size, and its interior partitions reconfigured, or new interior partitions installed, with new doors. These changes would, in turn, require alterations or adjustments or replacements of plaintiffs’ storage and display units and their custom-designed kitchen counter-tops and built-ins.
Plaintiff relied on the foregoing assertions to contend that the reduction in the size and dimensions and the reconfiguration of the partition in the living space would violate the terms of the proprietary lease, which defines “the apartment” as “the rooms in the building os partitioned on the date of the execution of this lease . . . together with their appurtenances and fixtures and any closets, terraces, balconies, roof, or portion thereof outside of said partitioned rooms, which are allocated exclusively to the occupant of the apartment” (emphasis added).
In opposition to plaintiffs motion, defendant did not dispute the opinions of plaintiffs’ architects. Rather, it argued that (1) plaintiff could not show a likelihood of success on the merits because the board’s decision as to how to make repairs was shielded by the business judgment rule, (2) plaintiff could not show irreparable harm because the reduction in space is de minimis (50 square feet in a more than 1,400-square-foot apartment) and could be compensated by a reduction in the maintenance charges if appropriate, and (3) the equities are balanced in defendant’s favor because plaintiffs proposal would require the excessive alternative of demolishing the exterior walls, which would cause undue expense to all the shareholders, to whom the co-op owed a fiduciary duty.
The motion court denied plaintiffs motion to enjoin defendant from performing the contemplated repair work on the interior walls of the apartment, characterizing the resulting diminution in the square footage of the apartment as de minimis and observing that the claimed injury would be compensable by money damages. We affirm.
Injunctive relief may only be awarded if the movant makes a clear showing of a probability of success on the merits, a danger of irreparable injury in the absence of an injunction, and that *105 the balancing of the equities weighs in its favor (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
Initially, we agree with plaintiff that her showing established the probable success on the merits of her claim that the repairs will constitute a breach of the proprietary lease, because defendant does not dispute the assertion by plaintiffs’ expert that the plan will create a diminution of apartment space and necessitate some reconfiguration and alterations (see Gracie Terrace Apt. Corp. v Goldstone, 103 AD2d 699 [1st Dept 1984], appeal dismissed 63 NY2d 952 [1984]). Defendant’s reliance on the business judgment rule (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]) is misplaced. The rule does not shield cooperatives from liability for breaches of contract (see Whalen v 50 Sutton Place S. Owners, 276 AD2d 356, 357 [1st Dept 2000]). “[W]hile it may be good business judgment to walk away from a contract, this is no defense to a breach of contract claim” (Dinicu v Groff Studios Corp., 257 AD2d 218, 222-223 [1st Dept 1999]). A breach of a tenant’s proprietary lease by the cooperative’s board of directors may be the best of the options open to the board, but that does not protect it from liability for that breach.
Nevertheless, we do not believe that plaintiff has made a clear showing of irreparable harm, or that the balance of the equities is in her favor. To establish irreparable harm, plaintiff relies not only on the loss of square footage, but also on the claim that the apartment will have to be reconfigured, which involves the moving of partitions and doors and will necessitate adjustments or replacements of many features of the apartment, such as built-in cabinetry. Initially, we find that any costs incurred in making alterations to built-in cabinetry or replacing structural items or components of the apartment or in addressing any other difficulties that are engendered by any necessary adjustments are largely compensable in money damages.
Beyond that, while we recognize that the anticipated diminution of square footage alone constitutes an injury, we agree with the motion court that in itself the injury is de minimis insofar as a claim of irreparable harm is made. We do not rely for this conclusion on Eastside Exhibition Corp. v 210 E. 86th St. Corp. (18 NY3d 617 [2012], cert denied 568 US —, 133 S Ct 654 [2012]), since that case concerned a landlord’s alteration of leased commercial space, which raises different concerns from those raised by an alteration that reduces a residential tenant’s leased space (see Broadway 500 W. Monroe Mezz II LLC v Tran *106 swestern Mezzanine Realty Partners II, LLC, 80 AD3d 483 [1st Dept 2011]; Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717, 721 [2d Dept 2012]). Nevertheless, an alteration to residential quarters may be so minor that even though the tenant may be entitled to some form of compensation, a finding of irreparable harm is not warranted. Cases in which interference was sufficient to justify either injunctive relief or orders preventing the work from proceeding (see e.g. Forest Close Assn., Inc. v Richards, 45 AD3d 527, 529 [2d Dept 2007]; Matter of Lite View, LLC v New York State Div. of Hous. & Community Renewal, 97 AD3d 105 [1st Dept 2012]) do not preclude the possibility that interference in other circumstances may be so minimal as to fail to justify injunctive relief. Plaintiff failed to make a clear showing that the possible square footage reduction, a small fraction of the total footprint of the apartment, was more than de minimis. This conclusion, however, does not preclude compensation by other means.
Moreover, the balance of the equities does not weigh in plaintiff’s favor. Although plaintiff proposed an alternative method of performing the work on the exterior, she failed to respond to defendant’s assertion that this method would entail substantial extra expenses that defendant was under a fiduciary duty to avoid imposing on the other cooperative shareholders (see Bryan v West 81 St. Owners Corp., 186 AD2d 514 [1st Dept 1992]). The claimed impact to plaintiff of the planned modifications to her apartment, most of which will be compensable based on plaintiffs’ breach of contract theory, is far outweighed by the expense to the co-op of demolishing and rebuilding exterior walls, especially when those walls have already been repaired and treated for waterproofing.
Plaintiff improperly raised her argument that defendant accorded her disparate treatment for the first time in her reply papers before the motion court (see Caribbean Direct, Inc. v Dubset LLC, 100 AD3d 510, 511 [1st Dept 2012]). In any event, no such claim was made out in the record before us.
Accordingly, the order of the Supreme Court, New York County (Debra A. James, J.), entered October 9, 2012, which denied plaintiffs motion for a preliminary injunction, should be affirmed, without costs.
Andelas, J.E, DeGeasse and Feinman, JJ., concur.
Order, Supreme Court, New York County, entered October 9, 2012, affirmed, without costs.