Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 19, 2013. The order denied the motion of plaintiff for summary judgment, granted the cross motion of defendants for summary judgment and dismissed the complaint.
It is hereby ordered that the order so appealed from is reversed on the law without costs, defendants’ cross motion is denied, the complaint is reinstated and plaintiff’s motion is granted.
Memorandum: Plaintiff is a not-for-profit corporation *1399 comprised of property owners—including defendants—within The Preserve, a residential subdivision (subdivision) in the Town of Pompey, Onondaga County and plaintiff, inter alia, enforces the “Declaration of Covenants, Conditions and Restrictions for the Preserve” (Declaration). Plaintiffs Board of Directors (Board) directed defendants to remove two chickens from their property because the presence of the chickens violated a restrictive covenant of the Declaration, but defendants refused to do so. Plaintiff thereafter commenced this action seeking a permanent injunction ordering defendants to remove the chickens. Plaintiff moved for summary judgment with respect to the relief demanded in the complaint, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied the motion and granted the cross motion. We reverse.
“It is well settled that, ‘[s]o long as the [Bjoard [of directors of a homeowners’ association] acts for the purposes of the [homeowners’ association], within the scope of its authority and in good faith, courts will not substitute their judgment for [that of] the [B]oard[ ]’ ” (Spaulding Lake Club, Inc. v Haibo Jiang, 78 AD3d 1668, 1668-1669 [2010], quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]). The Declaration provides that plaintiffs Board “shall have the absolute power to prohibit a pet from being kept on the Properties, including inside residences constructed thereon.” Here, plaintiff established that its Board was acting for the purposes of the homeowners’ association and within the scope of its authority when it directed defendants to remove the chickens from the property. In addition, there is no evidence that defendants were “ ‘deliberately single[d] out . . . for harmful treatment’ ” inasmuch as no other residents of the subdivision had chickens or were in violation of the applicable restrictive covenant (Spaulding Lake Club, Inc., 78 AD3d at 1669), and defendants otherwise “ ‘failed to present evidence of bad faith ... or other misconduct’ ” (id.).
All concur except Smith, J.B, and Fahey, J., who dissent and vote to affirm in the following memorandum.