Citimortgage, Inc. v Feder (2020 NY Slip Op 04914)





Citimortgage, Inc. v Feder


2020 NY Slip Op 04914


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-02309
 (Index No. 9272/09)

[*1]Citimortgage, Inc., respondent,
v
Moshe Feder, appellant, et al., defendants.


Jeremy Rosenberg, Chestnut Ridge, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Moshe Feder appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered November 15, 2017. The order denied that defendant's motion, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Moshe Feder (hereinafter the defendant). The defendant defaulted in answering the complaint.
The defendant moved, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, after a hearing to determine the validity of service of process, where evidence was submitted that the defendant was served pursuant to CPLR 308(2), and the defendant's testimony in response exhibited significant inconsistencies and gaps in memory, denied the defendant's motion, citing the defendant's lack of credibility. "The Supreme Court's credibility determinations following a hearing are entitled to substantial deference on appeal" (Teitelbaum v North Short-Long Is. Jewish Health System, Inc., 160 AD3d 1009, 1011; see Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino, 34 AD3d 536, 538). Here, we discern no basis for disturbing the findings of the Supreme Court.
The parties' remaining contentions are rendered academic in light of our determination.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court