Protetch v Jocar Realty Co., Inc. (2024 NY Slip Op 05317)

Protetch v Jocar Realty Co., Inc.

2024 NY Slip Op 05317

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 656111/21 Appeal No. 2911 Case No. 2023-04115 

[*1]Max Protetch, Plaintiff-Appellant,
v
Jocar Realty Co., Inc., et al., Defendants-Respondents.

Newhouse & Shey LLP, New York (Andrew M. Shey of counsel), for appellant.
Dunnington Bartholow & Miller LLP, New York (Luke A. McGrath of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered July 14, 2023, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, without costs, and the motion denied.
On February 19, 1993, plaintiff agreed to purchase two units in a residential condominium building owned by defendant. The purchase agreement between the parties stated, that upon closing defendant would deliver the purchased units, "vacant, free of all occupants or tenants, and the rights of any tenants or other persons in and to the Units." At the time of the purchase one of the units was occupied by a nonparty tenant, purportedly as an interim multiple dwelling (IMD) under article 7C of the Multiple Dwelling Law. Defendant's principal was unable to negotiate with the tenant for his vacatur of the unit, and as such, the purchase agreement was modified on June 4, 1993, to include an option for plaintiff to purchase the unit when it became vacant. The agreement was binding on both parties' heirs and assigns.
Plaintiff alleges that, by deed dated April 12, 2006, defendant conveyed title in the unit to its principal, for no consideration. Defendant's principal passed away soon after, and his son subsequently transferred the unit to defendant States5SR LLC by executor's deed dated June 17, 2020, again allegedly for no consideration. Upon that tenant's death in September 2021, plaintiff's counsel informed States5SR of its intention to exercise the option to purchase the vacant unit. Defendants refused to fulfill the seller's obligations under the purchase agreement.
By summons and complaint dated October 22, 2021, plaintiff commenced this action seeking inter alia, a declaratory judgment under RPAPL article 15 declaring that the option is valid, a finding that the purchase agreement is binding on defendants and voiding the two prior transfers of the unit to the extent necessary for plaintiff to exercise the purchase option. Plaintiff also sought specific performance compelling defendants to complete the sale under the purchase agreement and damages for the alleged breach of the agreement. Defendants moved to dismiss the complaint under CPLR 3211(a)(1), (5), and (7).
The motion court granted defendants' motion and dismissed the complaint finding that the option violated the rule against perpetuities and that the purchase agreement and rider constituted documentary evidence to support the motion under CPLR 3211(a)(1) and determined were it to hold in plaintiff's favor it would necessitate a rewriting of the purchase agreement, as tenant was not specifically named in the option.
The motion court should not have invalidated the purchase option and dismissed the complaint at the pleading stage as violating the rule against perpetuities (see EPTL 9-1.1). The court's determination that there was no relevant life in being specifically named in the option, and therefore, the option was required to vest [*2]within 21 years, is too rigid an application of the rule. Rather, "[i]t is sufficient if a plain implication arises that a certain class or number of lives mentioned or referred to are selected for a limitation of the gift or trust" (61 Am Jur 2d, Perpetuities, Etc. § 16; see also Fitchie v Brown, 211 US 321, 333 [1908]).
Here, the June 4, 1993 rider expressly stated:
"As Seller is unable to deliver vacant possession of Unit 5SR at the closing hereof, the Purchaser shall only purchase Unit 5SF . . . and the Purchaser shall have the option to purchase Unit 5SR at the time the Seller shall be able to deliver vacant possession thereof on all of the same terms and conditions as contained herein . . ."
Although the tenant is not expressly named in the option, the language of the option expressly makes the termination of his tenancy the relevant date upon which the option can be exercised (see e.g. Witt v Disque, 79 AD2d 419, 423-424 [2d Dept 1981] [rule against perpetuities not violated where "the option's duration was not unlimited, but conditioned on the happening of the contingency either of (the individual's) decision to sell the property during his lifetime or upon his death"]). Therefore, the court should not have determined that the reference to the tenant is too indefinite to serve as the relevant life in being. In addition, the interpretative canon set forth in EPTL 9-1.3(b), under which it is "presumed that the creator intended the estate to be valid," applies.
While defendants maintain that the tenant could not be the relevant life in being because his tenancy in the purported IMD conferred succession rights to any potential offspring, and therefore, the option could have been perpetual in duration, this cannot be established at the pleadings stage (see e.g. Anasae Realty Corp. v Firestone, 103 AD2d 707, 707-708 [1st Dept 1984]). That the unit became vacant upon the tenant's death is of no moment, as it is the facts at the time of the option's creation that are relevant (see Symphony Space v Pergola Props., 88 NY2d 466, 483 [1996]). Whether the tenant had succession rights at that time must be established by defendants as the proponent for IMD status (see e.g. Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 607 [1st Dept 2012]). Discovery can also address plaintiff's contention that defendants' filings with the New York State Attorney General's Office relating to the condominium's offering plan— in which, plaintiff alleges, the sponsor relied on his option to purchase in order to achieve the plan's viability— have any bearing on the circumstances here.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024