OPINION OF THE COURT
Edward H. Lehner, J.
The sole issue on the motion before the court is whether a condominium unit holder is entitled to a list of other unit hold *201 ers for the purpose of soliciting votes in a challenge to a proposed bylaw amendment.
Facts
Plaintiffs are owners of condominium units in the building known as 280 Rector Place in Manhattan. In the notice of the annual meeting of unit holders, the Board of Managers (the Board) proposed an amendment to the bylaws to “restrict future ownership by any one person, entity or its affiliates to five (5%) percent of the Common Interests of the Condominium”. In order to obtain support in opposition to the amendment, plaintiffs requested a list of unit holders from the Board.. This request was denied.
Plaintiffs assert that as a group they own more than 5% of the units and “are under contract and/or negotiation to purchase additional units which would bring their beneficial interest to over ten percent”, and thus they would be prejudiced by the adoption of the bylaw.
On the day before the annual meeting, plaintiffs presented to the court an application to stay the meeting and to direct defendants to permit an inspection of the records of the condominium in order to enable plaintiffs to ascertain the names and addresses of the unit owners, many of whom did not reside in the building. After hearing both sides, the application to stay was denied on defendants’ agreement that should the amendment pass, it would not be implemented until determination of the instant request for a list of the unit owners. At the meeting the next day the bylaw passed by the affirmative vote of 71.7049% of the eligible votes, slightly more than the two-thirds needed for passage.
The defendants claim that the plaintiffs are engaged in “blockbusting” and will use the list to solicit the owners for the sale of their units, which units plaintiffs intend to purchase and use as corporate hotel rooms, to the detriment of the condominium as a whole.
Discussion
Real Property Law § 339-w requires a Board of Managers to keep records of receipts and expenditures, which “shall be available for examination by the unit owners”. However, there is no provision in the Condominium Act (Real Property Law art 9-B) authorizing an inspection of a list of unit holders. This is in contrast to Business Corporation Law § 624 (b) (which is applicable to cooperative corporations), which permits any *202 shareholder to examine the “record of shareholders and to make extracts therefrom for any purpose reasonably related to such person’s interest as a shareholder”.
While privacy of the unit owners may be a desirable goal, with condominiums we are dealing with owners whose interest therein is a public record as the deeds to their units are normally recorded (Real Property Law § 339-s) and they are subject to individual real property taxation (Real Property Law § 339-y), the records with respect to which are also public. While plaintiffs could thus obtain the requested information from public records, there is no valid reason why the Board should not furnish a unit owner this information and avoid the owner having to incur the time and expense of obtaining the list from the public records. Moreover, since the most up-to-date and accurate list of persons entitled to vote will normally be that maintained by the Board, delivery of that list may avoid controversy should there be a conflict between the public records and the information maintained by the Board. Lastly, plaintiffs’ desire to communicate their reasons for opposing the proposed bylaw amendment to their fellow unit owners is a sufficient bona fide reason for obtaining the list. The dissemination of their views is consonant with the concepts of organizational democracy.
Conclusion
For the foregoing reasons, plaintiffs’ motion is granted to the extent that: (i) the Board is directed to permit the plaintiffs to inspect the records of unit owners; (ii) the passage of the subject bylaw amendment is nullified; and (iii) a new vote on this matter is prohibited until 30 days after the plaintiffs are provided access to the list.