■ 4260 BROADWAY REALTY Co., Respondent, v PAULA ASSIMAKOPOULOS et al., Appellants. [694 NYS2d 652] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March

4, 1999, which, after a hearing, directed that a new election of non-sponsor members of the subject condominium's board be held with the full participation of unit owners who purchased their units from the sponsor after the notice of the original election was sent but before such election was held, unanimously affirmed, without costs.

The motion court's finding that the new owners were bona fide purchasers of their units is supported by the evidence and should stand. The financing offered by the sponsor to the new owners was similar to the financing the sponsor had offered purchasers at the time of the conversion. The new owners' purchases appear to have been prudent investments in that their carrying costs were less than the rents they would be receiving from the tenants in possession.

A condominium association is not governed by the Business Corporation Law, but by Real Property Law article 9-B, which does not require the setting of a record date for eligibility to vote in board elections. Accordingly, the IAS Court, in interpreting the by-law provision requiring that notice of each annual or special meeting of the unit owners be given "to all Unit Owners then of record entitled to vote at such meeting", correctly held that such by-law is a mere notice provision that has no bearing on the voting eligibility of owners who purchased their units after notice of the original election was sent but before such election was held. We have considered defendants' other arguments and find them unpersuasive. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.