■ THE BOARD OF MANAGERS OF 500 WEST END CONDOMINIUM, Plaintiff, and KEVIN MALONEY, Intervenor-Respondent, v ISAAC AINETCHI et al., Appellants. [923 NYS2d 485]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 10, 2010, which, after a nonjury trial, dismissed defendants' counterclaims against intervenor Kevin Maloney and awarded him attorneys' fees, unanimously modified, on the

law and the facts, to vacate the award of attorneys' fees, and otherwise affirmed, without costs.

This appeal involves a dispute between the owners of two duplex penthouse condominiums located on the 13th and 14th floors of a Manhattan building concerning the intervenor's use of certain exterior space. Defendants Ainetchi and Krasnow are the owners of Penthouse West and Maloney is the owner of Penthouse East.

Pursuant to the terms of a purchase agreement, Maloney was prohibited from, inter alia, applying to the Department of Buildings (DOB) "for a construction or work permit . . . to enclose all or a portion of a terrace or other space appurtenant [to his apartment] without obtaining [defendants'] prior written consent." Despite this prohibition, Maloney applied for a DOB permit in order to construct a pool, deck and shed on the 13th floor terrace adjacent to his apartment (the pool area) without first obtaining defendants' consent, in breach of the purchase agreement. While the pool area was depicted in the tax lot drawings as being a general common element of the building, Maloney previously swore that this designation was a mistake and that the pool area was always intended to be a limited common element "appurtenant" to his apartment. However, as Maloney acknowledged in his brief, and as the trial court correctly determined, the pool area does not belong to, nor is it appurtenant to Penthouse East. Rather, it is a general common element belonging to the condominium which was not a party to and thus not bound by the purchase agreement. Moreover, it is undisputed that Maloney paid the board $315,960.52 for a revocable license to use this common area to construct the pool and a shed. Based upon all of the evidence adduced at the trial, the court properly found that the pool area was thus "neither essential nor reasonably necessary" to the full, beneficial enjoyment of the demised premises and is thus, not an appurtenance to Penthouse East (*see Prospect Owners Corp. v Sandmeyer*, 62 AD3d 601, 603 [2009], *lv denied* 13 NY3d 717 [2010]).

The trial court also properly found that defendants have failed to establish any damages flowing from Maloney's breach. Additionally, they have failed to establish entitlement to the extraordinary injunctive relief sought, i.e., the restoration of the pool area to its prior condition. Although defendants first counterclaimed against Maloney prior to the start of construction, they did not seek any preliminary injunctive relief, which would have preserved the status quo (*cf. Westmoreland Assn. v West Cutter Estates*, 174 AD2d 144 [1992]) and they have not established irreparable harm (*cf. Forest Close Assn., Inc. v Rich-*

*ards*, 45 AD3d 527 [2007]). Further, their inaction is not attributable to Maloney's conduct, and it can be assumed that the majority of Maloney's $600,000 construction costs were incurred after commencement of the action (*cf. Goodfarb v Freedman*, 76 AD2d 565 [1980]).

Defendants do not have standing to individually bring a counterclaim against Maloney for his alleged improper exercise of control over general common elements of the building (*see Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.*, 73 AD3d 581 [2010]).

Additionally, defendants failed to establish that the preconditions required for the placement of a restrictive covenant in the deed to Maloney's apartment have been met. The subject contractual provision is clear and unambiguous and should be construed as written (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

In light of our mixed findings that Maloney is neither an "aggrieved party" pursuant to the terms of the contract, nor a "prevailing party," he should not have been awarded attorneys' fees. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.