■ BRENDA POMERANCE, Appellant, v BRIAN SCOTT MCGRATH et al., Respondents. [961 NYS2d 83]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered December 28, 2011, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the second cause of action in its entirety and the first and fourth causes of action with leave to replead, and denied

plaintiff's cross motion to examine the books and records of the 310 West 52nd Street Condominium Association pursuant to Business Corporation Law § 624 and the common law, unanimously modified, on the law, to grant the cross motion to the extent of ordering defendants to provide plaintiff with contact information for the condominium's other unit owners in written form and any other format in which the condominium or its managing agent maintains such information, and otherwise affirmed, with costs to be paid by defendants. Appeal from order, same court and Justice, entered June 27, 2012, which, upon reargument, adhered to the original decision denying plaintiff's cross motion, unanimously dismissed, without costs, as academic. Appeal from order, same court and Justice, entered March 15, 2012, which declined to sign an order to show cause, unanimously dismissed, without costs, as taken from a nonappealable paper.

A shareholder-tenant of a cooperative corporation would be entitled to the names and addresses of the other shareholder-tenants in connection with an election, pursuant to Business Corporation Law § 624 (b) (*see A&A Props. NY v Soundings Condominium*, 177 Misc 2d 200 [Sup Ct, NY County 1998]). Plaintiff, a condominium unit owner, is not entitled under the Business Corporation Law to examine the books and records of the condominium, which is an unincorporated association governed by Real Property Law article 9-B (*see 4260 Broadway Realty Co. v Assimakopoulos*, 264 AD2d 626, 627 [1st Dept 1999]). However, the right of a stockholder to examine the books and records of a corporation existed at common law, and does not depend on a statute (*see Matter of Steinway*, 159 NY 250, 258-259, 262-263 [1899]). The unit owners of a condominium collectively own the common elements thereof and are responsible for the common expenses (*see* Real Property Law §§ 339-i, 339-m). Thus, the rationale that existed for a shareholder to examine a corporation's books and records at common law (*see Steinway*, 159 NY at 259-260) applies equally to a unit owner vis-à-vis a condominium.

Moreover, the fact that Real Property Law § 339-w gives a unit owner the right to examine certain types of documents does not mean that the unit owner may not under the common law examine additional types of documents (*see generally Steinway*, 159 NY at 263-265). The legislative history of article 9-B, which is intended to be "liberally construed to effect the purposes thereof" (Real Property Law § 339-ii), indicates that one of its purposes is to encourage home ownership in the condominium form. Giving condominium unit owners the same

rights as cooperative shareholder-tenants will encourage condominium ownership.

Since a unit owner should be given rights similar to those of a shareholder under Business Corporation Law § 624, at least where elections for a condominium board are concerned, we direct defendants to provide plaintiff with contact information for the other unit owners in written form and any other format in which the condominium or its managing agent maintains such information (*see Matter of Bohrer v International Banknote Co.*, 150 AD2d 196 [1st Dept 1989]; Business Corporation Law § 624 [b]).

Granting plaintiff the above relief will not grant her all of the ultimate relief she seeks. In any event, the instant action does not involve injunctive relief.

We reject plaintiff's argument that defendants should be liable for her costs of obtaining the information she seeks.

We decline to reach the merits of the first and fourth causes of action because they were dismissed with leave to replead, and plaintiff has filed amended complaints, which supersede the original complaint (*see e.g. Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]). We note, however, that the motion court did not require plaintiff to add the managing agent as a defendant; it dismissed the first cause of action "without prejudice to repleading *and/or* adding the managing agent as a party" (emphasis added).

The second cause of action alleges that plaintiff has a right as a former director to inspect the books and records of the condominium from the period of her tenure as a director. However, while one of defendants has apparently threatened to sue her, plaintiff failed to make any showing that the inspection is necessary to protect her "personal responsibility interest," i.e., that she is being "charged with malfeasance or nonfeasance during [her] incumbency" (*see Matter of Murphy v Fiduciary Counsel*, 40 AD2d 668, 669 [1st Dept 1972], *affd* 32 NY2d 892 [1973]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ.