*468 Order, Supreme Court, New York County (Barbara R Kapnick, J.), entered December 20, 2012, which granted plaintiffs order to show cause and directed defendant DSW Lenox LLC to pay to plaintiff $61,766.73 by January 15, 2013, plus monthly common charges in the aggregate amount of $7,918.96 from November 2012 onward, unanimously affirmed, with costs.
DSW’s contention that plaintiff lacks standing to bring this lawsuit because it was not properly constituted is not properly raised on the instant appeal. In April 2010, the motion court denied DSW’s motion to dismiss this action due to plaintiffs lack of standing, and DSW did not appeal from that order. In any event, the board that imposed the charges at issue in the instant order to show cause is not the same as the board that commenced this action.
The main reason that plaintiff increased common charges effective May 2012 was legal fees in this action and in a derivative action brought by DSW As DSW acknowledges, it failed to argue to the motion court that plaintiff may not advance board members’ cost for defending themselves in the derivative action. We decline to consider this argument for the first time on appeal because, if DSW had argued to the motion court that Business Corporation Law § 723 (c) required an undertaking for advancement of defense costs, plaintiff could have submitted evidence thereof. Notwithstanding, we note that a condominium is an unincorporated association governed not by the Business Corporation Law but by Real Property Law article 9-B (see Pomerance v McGrath, 104 AD3d 440 [1st Dept 2013]; 4260 Broadway Realty Co. v Assimakopoulos, 264 AD2d 626 [1st Dept 1999]).
DSW’s argument that defense costs are not proper common charges pursuant to the Lenox Grand Condominium’s by-laws is unpreserved, but DSW may raise it for the first time on appeal because the by-laws are in the record (see e.g. Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). However, the by-laws state, “The common expenses may . . . include such amounts as the Board of Managers may deem necessary for customary or extraordinary legal expenses incurred with respect to the Condominium Property.”
Plaintiff is not bound by the amended purchase agreement signed by nonparty Rosetree on Lenox LLC, the former sponsor of the condominium (see Board of Mgrs. of 500 W. End Condo *469 minium v Ainetchi, 84 AD3d 603, 604 [1st Dept 2011]; Leonard v Gateway II, LLC, 68 AD3d 408 [1st Dept 2009]). We are not persuaded by DSW’s argument that the board that imposed the charges at issue in the instant order to show cause was Rosetree’s alter ego.
We have considered DSW’s remaining contentions and find them unavailing. Concur — Gonzalez, EJ., Friedman, Sweeny, Moskowitz and Clark, JJ.